JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WESTCHESTER FIRE INSURANCE COMPANY,

Plaintiff,

v.

INFRASTRUCTURE COALITION LP,

Defendant.

---

**15 CV 9452**

Civil Action No.

**VERIFIED COMPLAINT**

RECEIVED
DEC 03 2015
CASHIER'S OFFICE
S.D.N.Y.

Plaintiff Westchester Fire Insurance Company ("Westchester") by and through its attorneys, Chiesa Shahinian & Giantomasi PC, as and for its Verified Complaint against defendant Infrastructure Coalition LP ("ICLP"), alleges the following:

## PARTIES AND JURISDICTION

1.      Westchester is a corporation organized and existing pursuant to the laws of the State of Pennsylvania with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania.

2.      Upon information and belief, ICLP is a limited partnership formed under the laws of the Province of Manitoba with its principal place of business at 55 University Avenue, Toronto, Ontario.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as it is between a citizen of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this Court pursuant 28 U.S.C. § 1391(b)(2) because the subject Agreement of Indemnity (the "Indemnity Agreement") executed by the parties provides

that the Indemnity Agreement is "deemed made in the State of New York." Venue is further proper because the Indemnity Agreement additionally provides that "[ICLP] agrees that all actions or proceedings arising directly or indirectly from this Agreement shall be litigated only in courts having status within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein." (A copy of the Indemnity Agreement is attached hereto as Exhibit A).

## STATEMENT OF FACTS

**A.     The Indemnity Agreement**

5.     Prior to March 18, 2013, ICLP requested that Westchester and certain related companies consider executing surety bonds on its behalf, and on behalf of its subsidiaries and affiliates, guaranteeing the performance of the obligations of ICLP and its subsidiaries and affiliates pursuant to certain construction contracts and their payment of the laborers, subcontractors, and suppliers who would provide labor, material, equipment and/or services in furtherance of the performance of such contracts.

6.     Before it would consider executing such bonds, and as a condition of and consideration for the future execution of such bonds, Westchester required that ICLP execute the Indemnity Agreement.

7.     On or about March 18, 2013, ICLP, as Indemnitor, executed the Indemnity Agreement in favor of Westchester and other companies, as Surety.

8.     One of the primary purposes of the Indemnity Agreement is to ensure that the Surety is indemnified from and against any and all liability for losses, costs and expenses of any kind including, but not limited to, court costs and counsel fees that the Surety may pay as a result of having executed bonds on behalf of ICLP or any of ICLP's subsidiaries or affiliates.

2

9.     The Indemnity Agreement further provides that ICLP is required to "place the SURETY in funds to meet all of its liability under [the subject bonds]" and that "[a]ny demand upon the SURETY by the Obligee shall be sufficient to conclude that a liability exists and the INDEMNITOR shall then place the SURETY with sufficient funds in a form and amount deemed acceptable in the SURETY'S sole discretion, as collateral security to cover the liability."

10.    Specifically, Paragraph 1 and  2 of the Indemnity Agreement provides the following, in relevant part:

...

1.    **PREMIUMS   &   COLLATERAL   FOR   SURETYSHIP**-The INDEMNITOR shall pay or cause to be paid to the SURETY both the agreed premium and, upon written request by the SURETY at any time, collateral security for the suretyship until the INDEMNITOR shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond. The INDEMNITOR expressly waives any right to interest which may be earned on the collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the SURETY in any investment or depository that the SURETY in its sole discretion deems advisable and prudent.  The Surety's election not to demand collateral at the inception of the suretyship obligation shall not operate as a waiver of the right to demand and receive such collateral at any time before liability has terminated under any Bond.

2.    **INDEMNITY & COLLATERAL FOR CLAIM-** The INDEMNITOR shall indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by the SURETY in any action or proceeding between the INDEMNITOR and the SURETY, or between the SURETY and any third party, which SURETY shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the SURETY as a joint or several obligor and whether the INDEMNITOR is then liable to make such payment, and to place the SURETY in funds to meet all of its liability under any Bond, promptly upon request and before the SURETY may be required   to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the SURETY of any

liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of the INDEMNITOR'S liability to the SURETY under this Agreement. Any demand upon the SURETY by the Obligee shall be sufficient to conclude that a liability exists and the INDEMNITOR shall then place the SURETY with sufficient funds in a form and amount deemed acceptable in the SURETY'S sole discretion, as collateral security to cover the liability.

...

**B.    The Bonds**

11.    On or about April, 20, 2012, Dorena Hydro, LLC ("Dorena") and Mowat Construction Company ("Mowat") executed a construction contract, pursuant to which Mowat was to provide certain materials, equipment, labor and supervision in relation to the Dorena Hydroelectric Project, located at Dorena Dam, in Lane County, Oregon (the "Contract").

12.    Dorena is an indirect subsidiary of ICLP. (See Dorena Financial Statements, dated December 31, 2014, p. 6, which is attached hereto as Exhibit B).

13.    At the specific request of ICLP and in specific reliance upon ICLP's execution of the Indemnity Agreement and the obligations ICLP agreed to perform thereunder, Westchester, as surety, issued a Performance Bond (the "Performance Bond") and a Payment Bond (the "Payment Bond," together with the Performance Bond, the "Bonds"), on behalf of Dorena, as principal, in connection with the Contract. The Bonds are each in the penal sum of $4,000,000.00. (Copies of the Performance Bond and the Payment Bond are attached hereto as Exhibits C and D, respectively).

**C.    The Claims Against Westchester**

14.    On January 17, 2014, due to Dorena's alleged failure to meet its obligations under the Contract, Mowat filed a lawsuit against Dorena in the United States District Court, District of Oregon, seeking to recover the amount allegedly due and owing to it under the

4

Contract (the "Action"). The Action is captioned <u>Mowat Construction Company, United States of America for the use and benefit of Mowat Construction Company v. Dorena Hydro, LLC, Westchester Fire Insurance Company</u>, Civil Action No. 6:14-cv-00094-AA. (A copy of Mowat's Second Amended Complaint in the Action is attached hereto as Exhibit E).

15.    On June 11, 2014, Mowat filed a Second Amended Complaint in the Action, pursuant to which Mowat brought a claim against Westchester under the Payment Bond. (<u>See</u> Ex. E at ¶¶ 11.1-11.4).

16.    In the Action, Mowat is seeking to recover the sum of least $7,109,200.20 in damages, together with interest, costs and attorney's fees. (<u>See</u> Ex. E at ¶ 12.2).

**D.    <u>Dorena's Failure to Pay Legal Fees</u>**

17.    In or about January of 2014, Dorena retained the law firm of Davis Wright Tremain LLP ("DWT") to defend itself and Westchester in the Action. (<u>See</u> Declaration of Marcus Eyth in Support of Motion to Withdraw as Counsel, dated October 27, 2015, ¶¶ 2-3, which is attached hereto as Exhibit F).

18.    On October 13, 2015, the parties in the Action submitted to the Court an Amended Stipulated Scheduling Report, which provided that the trial of the Action is to commence on January 4, 2016.  (<u>See</u> Amended Stipulated Scheduling Report, dated October 13, 2015, which is attached hereto as Exhibit G).

19.    On October 27, 2015, DWT filed a motion in the Action to withdraw as counsel for the defendants. (A copy of DWT's Motion Papers are attached hereto as Exhibit H).

20.    DWT sought to be relieved as counsel in the Action because of the failure of Dorena to pay counsel fees and expenses due and owing to DWT for its representation of Dorena and Westchester.

21.     On October 30, 2015, the Court granted the motion of DWT to withdraw as counsel in the Action. (See Text Order Granting Motion to Withdraw, dated October 30, 2015, which is attached hereto as Exhibit I).

22.     Subsequently, Westchester and Dorena retained separate counsel to defend themselves in the Action: Westchester retained the law firm of Cable Huston LLP and Dorena retained the law firm of K&L Gates LLP. (See Cable Huston LLP Notice of Appearance, dated November 20, 2015, and K&L Gates LLP Notice of Appearance, dated November 20, 2015, which are attached hereto as Exhibits J and K, respectively).

23.     At the time that DWT filed its motion to withdraw, the Action had been pending for close to two years, during which period extensive discovery and other litigation activity had taken place involving: (a) the exchange of hundreds of thousands of documents; (b) the taking of numerous depositions; and (c) the filing of multiple discovery motions; a motion for a bifurcated trial and a motion for partial summary judgment. (A copy of the Docket Sheet for the Action is annexed hereto as Exhibit M).

24.     ICLP and its subsidiary, Dorena, have exposed Westchester to substantial expenses and losses in connection with a Bond containing a penal sum of $4,000,000.00, by failing to provide a defense to Westchester and leaving Westchester in the position of scrambling at the eleventh hour to retain new counsel which must review hundreds of thousands of documents to prepare for a trial which is scheduled to commence in less than five weeks.

**E.     The Collateral Demand**

25.     On November 12, 2015, Westchester demanded, under the Indemnity Agreement, that ICLP deposit with it the sum total of $4,200,000.00, within ten days, to provide Westchester with some protection against its potential losses and expenses in the

Action (the "Collateral Demand"). (A copy of the Collateral Demand is attached hereto as Exhibit L).

26.    The Collateral Demand was calculated as follows:

Potential Losses:                                    $4,000,000.00

Estimated Expenses:                              $200,000.00[1]

**TOTAL**                                              $4,200,000.00

27.    Westchester deems the Collateral Demand to be the minimum amount sufficient to protect Westchester from potential losses, including expenses incurred and to be incurred, in connection with the Action.

28.    For the year ending on December 31, 2014, ICLP has represented to Westchester that it had total assets exceeding $105,000,000.00.

29.    To date, ICLP has failed to provide Westchester with any collateral security.

## FIRST COUNT
### (Specific Performance - Deposit of Collateral Security)

30.    Westchester repeats and realleges paragraphs "1" though "29" hereof.

31.    On November 12, 2015, Westchester advised ICLP that Westchester had determined that its exposure for potential losses as a result of the Action may exceed the sum of $4,200,000.00 and that pursuant to the Indemnity Agreement, Westchester demanded that ICLP deposit with it the sum total of $4,200,000.00, within ten days, to provide Westchester with some protection against potential losses and expenses, including attorneys' fees and consulting fees, with respect to the Action.

32.    In material breach of its obligations under the Indemnity Agreement, ICLP has failed and refused to satisfy the aforesaid demand for collateral.

---

[1] These estimated expenses include attorneys' fees and consulting fees.

33.     Westchester is suffering, and will continue to suffer, irreparable injury as a result of ICLP's failure and refusal to deposit with Westchester collateral security in the amount demanded and as required by the Indemnity Agreement.

34.     The failure of ICLP and its subsidiary, Dorena, to pay counsel fees within three months of the scheduled trial of the Action has seriously jeopardized the position of Westchester in the Action, by forcing its new attorneys to first study hundreds of thousands of documents and depositions and prepare for the direct and cross-examination of witnesses in a grossly insufficient period of time.

35.     The failure of ICLP and its subsidiary, Dorena, to pay the fees of counsel, causing counsel to withdraw from their joint representation of Dorena and Westchester within three months of the scheduled trial of the Action notwithstanding ICLP's indemnity obligations places Westchester at the considerable risk of an adverse judgment and demonstrates a similar likelihood that both ICLP and Dorena will fail to pay any loss which Westchester sustains in the Action and will fail to pay Westchester's substantial counsel fees which it is now incurring and will continue to incur.

36.     Westchester is not receiving the benefit of the bargained for collateral security, as Westchester currently faces substantial, uncollateralized exposure from the Action, in which Mowat contends that it sustained damages in an amount exceeding the $4,000,000.00 penal sum of the Payment Bond.

37.     Unless the Court grants the requested preliminary injunction, Westchester will be irreparably harmed because it will be forced to forego the collateral which it was contractually promised and be subject to being only a general unsecured creditor subject to sharing ICLP's property with other creditors.

38.     Westchester lacks an adequate remedy at law.

39.     By reason of the foregoing, Westchester is entitled to a judgment and a preliminary and permanent injunction directing ICLP to specifically and immediately perform its obligations under the Indemnity Agreement including, but not limited to, its obligation to deposit collateral security with Westchester in the amount of at least $4,200,000.00.

## SECOND COUNT
### (Contractual Indemnification)

40.     Westchester repeats and realleges paragraphs "1" though "39" hereof.

41.     Westchester has incurred and continues to incur expenses, including, but not limited to, attorneys' fees, as a result of having executed the Payment Bond and enforcing and preserving its rights under the Payment Bond.

42.     ICLP has failed to indemnify Westchester for any portion of its expenses incurred in connection with the Payment Bond, despite due demand.

43.     ICLP is therefore in material breach of the Indemnity Agreement.

44.     As a result of ICLP's breach of the Indemnity Agreement, Westchester has sustained damages, costs and expenses, including but not limited to attorneys' fees.

45.     By reason of the foregoing and pursuant to the terms of the Indemnity Agreement, Westchester is entitled to judgment against ICLP in the amount of all losses and expenses including, but not limited to, attorneys' fees and consulting fees, which Westchester has incurred and continues to incur by reason of having executed the Payment Bond and/or by reason of the failure of ICLP to perform or comply with the covenants and conditions of the Payment Bond and the Indemnity Agreement and/or in enforcing and preserving Westchester's rights under the Payment Bond and the Indemnity Agreement, together with interest, costs of suit and such other and further relief as may be just and equitable.

WHEREFORE Westchester demands the following relief:

a.      A judgment and a preliminary and permanent injunction directing ICLP to specifically and immediately perform its obligations under the Indemnity Agreement including, but not limited to, its obligation to deposit collateral security with Westchester in the amount of at least $4,200,000.00; and

b.      A judgment against ICLP in the amount of all losses and expenses including, but not limited to, attorney's fees and consulting fees, which Westchester has incurred and continues to incur by reason of having executed the Payment Bond and/or by reason of the failure of ICLP to perform or comply with the covenants and conditions of the Payment Bond and the Indemnity Agreement and/or in enforcing and preserving Westchester's rights under the Payment Bond and the Indemnity Agreement; and

c.      Costs, disbursements, attorneys' fees, interest and such other and further relief as may be just and equitable.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Plaintiff
Westchester Fire Insurance Company
One Boland Drive
West Orange, NJ  07052
(973) 325-1500

Dated: December 2, 2015                    By:      _____
                                                    MARC R. LEPELSTAT

## VERIFICATION

MELISSA M. DETRICK hereby declares pursuant to 28 U.S.C. Section 1746:

I am employed as a Claims Specialist by ACE American Insurance Co., which is an affiliate of Westchester Fire Insurance Company. I have read the foregoing Complaint and know the contents thereof; the same are true to my knowledge, except as to the matters stated to be alleged on information and belief and as to those matters I believe them to be true.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and accurate.

Executed on December ⎸ 2015, in Philadelphia, Pennsylvania.


MELISSA M. DETRICK

5604818.5

# EXHIBIT A



**Agreement of Indemnity**         ACE INA Insurance
                                   Insurance Company of North America
                                   Pacific Employers Insurance Company
                                   Westchester Fire Insurance Company
                                   Indemnity Insurance Company of North America
                                   ACE American Insurance Company
                                   ACE Property and Casualty Insurance Company

Whereas the undersigned, Infrastructure Coalition LP, by its general partner, Aquila GP Inc.(hereinafter called "INDEMNITOR") desires one or more of the companies named above, as the case may be, (hereinafter called "SURETY") to execute bonds including undertakings and other obligations, including any bond or bonds predating this Agreement, (hereinafter referred to as "Bonds") and any of its present or future, directly or indirectly owned or controlled subsidiaries or affiliates, whether alone or in joint venture with others whether or not named herein, and any corporation, partnership or person upon the written request of the undersigned (collectively the hereinafter referred to as "Principal") or to renew or continue and to refrain from canceling the Bonds, as the case may be, and

NOW THEREFORE, in consideration of the SURETY executing the Bonds, the INDEMNITOR agree that:

1.  **PREMIUMS & COLLATERAL FOR SURETYSHIP**-The INDEMNITOR shall pay or cause to be paid to the SURETY both the agreed premium and, upon written request by the SURETY at any time, collateral security for its suretyship until the INDEMNITOR shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond. The INDEMNITOR expressly waives any right to interest which may be earned on the collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the SURETY in any investment or depository that the SURETY in its sole discretion deems advisable and prudent. The Surety's election not to demand collateral at the inception of the suretyship obligation shall not operate as a waiver of the right to demand and receive such collateral at any time before liability has terminated under any Bond.

2.  **INDEMNITY & COLLATERAL FOR CLAIM**- The INDEMNITOR shall indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by the SURETY in any action or proceeding between the INDEMNITOR and the SURETY, or between the SURETY and any third party, which SURETY shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the SURETY as a joint or several obligor and whether the INDEMNITOR is then liable to make such payment, and to place the SURETY in funds to meet all of its liability under any Bond, promptly upon request and before the SURETY may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the SURETY of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of INDEMNITOR'S liability to the SURETY under this Agreement. Any demand upon the SURETY by the Obligee shall be sufficient to conclude that a liability exists and the INDEMNITOR shall then place the SURETY with sufficient funds in a form and amount deemed acceptable in the SURETY'S sole discretion, as collateral security to cover the liability.

3.  **OTHER INDEMNITY**- The INDEMNITOR shall continue to remain bound under the terms of this Agreement even though the SURETY may have heretofore or hereafter, with or without notice to or knowledge of the Principal and the INDEMNITOR, accepted or released other agreements of indemnity or collateral in connection with the execution or procurement of said Bonds, from the principals or INDEMNITOR or others. The rights, powers and remedies given the SURETY under this Agreement shall be and are in addition to and not in lieu of, any and all other rights, powers and remedies which the SURETY may have or acquire against the Principal and INDEMNITOR or others, whether by the terms of any agreement or by operation of law or otherwise.

4.  **REPRESENTATIONS** – The INDEMNITOR is a limited liability partnership formed under the laws of the Province of Manitoba and its only general partner is Aquila GP Inc. Aquila GP Inc., in its capacity as general partner, has the corporate power to enter into and perform its obligations, in its capacity as general partner of the INDEMNITOR, under this Agreement. The execution and delivery by Aquila GP Inc., in its capacity as general partner of the INDEMNITOR, of this Agreement does not conflict with or result in a breach of any of the terms or conditions of its constating documents or by-laws or the Limited Partnership Agreement dated as of September 30, 2011 (and any amendments thereto) in respect the INDEMNITOR.

5.  **INVALIDITY**- In case the execution hereof by the INDEMNITOR be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this Agreement or the liability hereunder of the INDEMNITOR and the INDEMNITOR shall be and remain full bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed.

6.  **SURETIES** - All of the terms, provisions and conditions of this Agreement shall be extended to and for the benefit not only of the SURETY, either as a direct writing company or as a co-surety or reinsurer, but also for the benefit of any surety or insurance company or companies with which the SURETY may participate as a co-surety or reinsurer and also for the benefit of any other company which may execute any bond or bonds at the request of the SURETY on behalf of any of the Principal.

7. **DECLINE EXECUTION** ........less otherwise specifically agreed in writing, the SUR      may decline to execute any bond and the Principal and INDEMNITOR shall make no claim to the contrary.

8. **CHANGES, WAIVER OF NOTICE** - The SURETY is authorized and empowered, without notice to or knowledge of the INDEMNITOR, to assent to any change whatsoever in Bonds and/or the contracts or obligations covered by any said Bonds including but not limited to the time for performance and any continuations, extensions or renewals of the Bonds, the execution of any substitute or substitutes therefore, with the same or different conditions, provisions and obliges with the same or larger or smaller penalties; it being expressly understood and agreed that the INDEMNITOR shall remain bound under the terms of this Agreement even though any such assent by the SURETY does or might substantially increase the liability of the INDEMNITOR. The INDEMNITOR waives notice of the execution of Bonds, acceptance of this Agreement, default or other acts giving rise to a bond claim or liability of the SURETY under Bonds.

9. **TERMINATION** - This Agreement may be terminated by the INDEMNITOR upon twenty days' written notice sent by registered mail to the SURETY at its home office at ACE INA Insurance 1400 – 25 York Street, Toronto, Ontario M5J 2V5, but any such notice of termination shall not operate to modify, bar or discharge the INDEMNITOR as to the Bonds that may have been therefore executed.

10. **SEVERABILITY** - If any provision or provisions of this Agreement be declared void or unenforceable under any law governing its construction or enforcement, this Agreement shall not be void or vitiated thereby, but shall be construed and enforced with the same effect as though such provision or provisions were omitted.

11. **CHOICE OF LAW/FORUM** - It is mutually agreed that this Agreement is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined in accordance with the laws of the State of New York. INDEMNITOR agrees that all actions or proceedings arising directly or indirectly from this Agreement shall be litigated only in courts having status within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

12. **JOINT/SEVERAL** - Each undersigned Indemnitor, its successors and assigns, are jointly and severally bound by the foregoing conditions of this Agreement.

13. **FACSIMILE** – This Agreement bearing the signature of the Indemnitor(s) shall be valid, effective and enforceable whether received by the Surety as an original or as a facsimile transmission.

IN WITNESS WHEREOF, INDEMNITOR has signed this Agreement this _18th_ day of _March_, 20 _13_.

**INFRASTRUCTURE COALITION LP, by its General Partner AQUILA GP INC.**

Tax ID: _____

By: _____ (Seal)

Name: PETER CLERMONT

Title: DIRECTOR

By: _____ (Seal)

Name: ALINA OSORIO

Title: DIRECTOR

## CORPORATE ACKNOWLEDGMENT

Province of _ONTARIO_

County of _TORONTO_   CITY   ss.:

On this _18 th_ day of _March_, 20 _13_, before me personally came _PETER CLERMONT_ to me known, who being by me duly sworn, deposed and says that he/she is the _DIRECTOR_ of _AQUILA GP INC,_, the corporation described in and which executed the foregoing Agreement; that he/she knows the seal of the said corporation; that the seal affixed to the said Agreement is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that he/she signed his/ her name thereto by like order.

_____
(Signature of Notary Public)

My commission expires _N/A_


## CORPORATE ACKNOWLEDGMENT

Province of _ONTARIO_

County of _TORONTO_   CITY   ss.:

On this _18 th_ day of _March_, 20 _13_, before me personally came _ALINA OSORIO_ to me known, who being by me duly sworn, deposed and says that he/she is the _DIRECTOR_ of _AQUILA GP INC._, the corporation described in and which executed the foregoing Agreement; that he/she knows the seal of the said corporation; that the seal affixed to the said Agreement is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that he/she signed his/ her name thereto by like order.

_____
(Signature of Notary Public)

My commission expires _N/A_

# EXHIBIT B

# Dorena Hydro, LLC

**Financial Statements**

(in US Dollars)

**For the Years Ended December 31, 2014 and 2013**



Collins Barrow Toronto LLP
Collins Barrow Place
11 King Street West
Suite 700, Box 27
Toronto, Ontario
M5H 4C7 Canada

T. 416.480.0160
F. 416.480.2646

www.collinsbarrow.com

## INDEPENDENT AUDITORS' REPORT

**To the Members of Dorena Hydro, LLC**

We have audited the accompanying financial statements of Dorena Hydro, LLC which comprise the statements of financial position as at December 31, 2014 and December 31, 2013 and the statements of operations and comprehensive loss and members' capital and cash flows for the years then ended and a summary of significant accounting policies and other explanatory information.

*Management's Responsibility for the Financial Statements*

Management is responsible for the preparation and fair presentation of these financial statements in accordance with International Financial Reporting Standards, and for such internal control as management determines is necessary to enable the preparation of financial statements that are free from material misstatement, whether due to fraud or error.

*Auditor's Responsibility*

Our responsibility is to express an opinion on these financial statements based on our audit. We conducted our audit in accordance with Canadian auditing standards. Those standards require that we comply with ethical requirements and plan and perform the audit to obtain reasonable assurance about whether the financial statements are free from material misstatement.

An audit involves performing procedures to obtain audit evidence about the amounts and disclosures in the financial statements. The procedures selected depend on the auditor's judgment, including the assessment of the risks of material misstatement of the financial statements, whether due to fraud or error. In making those risk assessments, the auditor considers internal control relevant to the entity's preparation and fair presentation of the financial statements in order to design audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the entity's internal control. An audit also includes evaluating the appropriateness of accounting policies used and the reasonableness of accounting estimates made by management, as well as evaluating the overall presentation of the financial statements.

We believe that the audit evidence we have obtained in our audits is sufficient and appropriate to provide a basis for our audit opinion.

*Opinion*

In our opinion, the financial statements present fairly, in all material respects, the financial position of Dorena Hydro, LLC as at December 31, 2014 and December 31, 2013, and its financial performance and its cash flows for the years then ended in accordance with International Financial Reporting Standards.

*Collins Barrow Toronto LLP*

Licensed Public Accountants
Chartered Accountants
July 15, 2015
Toronto, Ontario



an independent member of
BAKER TILLY
INTERNATIONAL

**Dorena Hydro, LLC**
**Statements of Financial Positions**
(in US Dollars)
**As at December 31,**

|  | 2014 | 2013 |
|---|---|---|
| **Assets** | | |
| | | |
| **Current** | | |
| Cash and cash equivalents | $ 3,823,588 | $ 2,777,066 |
| Accounts receivable | 53,121 | - |
| Prepaid expenses | 4,197 | - |
| Other receivables (Note 10) | 6,870,000 | - |
| | 10,750,906 | 2,777,066 |
| **Restricted cash** (Note 5) | 20,000 | 2,270,000 |
| **Hydroelectric project under construction** (Note 6) | - | 39,875,343 |
| **Hydroelectric power plant** (Note 7) | 40,315,234 | - |
| | $ 51,086,140 | $ 44,922,409 |
| | | |
| **Liabilities** | | |
| | | |
| **Current** | | |
| Accounts payable and accrued liabilities | $ 716,167 | $ 5,359,284 |
| Loan payable (Note 8) | - | 2,982,939 |
| Short-term advance (Note 12) | 7,585,553 | - |
| Due to related party (Note 11) | 343,550 | 130,207 |
| | 8,645,270 | 8,472,430 |
| **Decommissioning liability** (Note 9) | 94,977 | 85,565 |
| | 8,740,247 | 8,557,995 |
| | | |
| **Members' Equity** | | |
| **Capital** | 42,345,893 | 36,364,414 |
| | $ 51,086,140 | $ 44,922,409 |

*Commitments and Guarantees (Note 13)*
*Contingent liability  (Note 15)*

Approved by the Members

_____ Member

_____ Member

**Dorena Hydro, LLC**
**Statements of Operations and Comprehensive Loss**
(in US Dollars)
Years Ended  December 31,

|                                              |     | 2014        |     | 2013      |
|----------------------------------------------|-----|-------------|-----|-----------|
| **Revenue**                                  |     |             |     |           |
| Electricity sales                            | $   | 53,121      | $   | -         |
| **Expenses**                                 |     |             |     |           |
| Administrative and other                     |     | 381,858     |     | 3,317     |
| Amortization                                 |     | 36,184      |     | -         |
| Professional fees                            |     | 29,266      |     | -         |
| Operating costs                              |     | 15,994      |     | -         |
| Interest                                     |     | 9,523       |     | -         |
| Accretion of decommissioning costs           |     | 9,412       |     | 8,479     |
|                                              |     | 482,237     |     | 11,796    |
| **Loss before the undernoted items**         |     | (429,116)   |     | (11,796)  |
| Litigation expenses (Note 15)                |     | (1,639,872) |     | -         |
| **Net loss and comprehensive loss**          | $   | (2,068,988) | $   | (11,796)  |

**Dorena Hydro, LLC**
**Statements of Members' Capital**
(in US Dollars)
**Years Ended December 31,**

|  | Original Member's Capital | Class A units | | Class B units | | Total |
|---|---|---|---|---|---|---|
|  |  | Number | Amount | Number | Amount |  |
| **Balance, December 31, 2012** | $ 27,745,168 |  |  |  |  |  |
| Contributions | $ 8,631,042 |  |  |  |  |  |
| Net loss | $ (11,796) |  |  |  |  |  |
| **Balance, December 31, 2013** | $ 36,364,414 | - | $ - | - | $ - | $ 36,364,414 |
| Contributions | 82,550 | - | - | - | - | 82,550 |
| Transfer to Class B member (Note 10) | (36,446,964) | - | - | 1,000 | 36,446,964 | - |
| Class A member - contribution (net of costs) (Note 10) | - | 1,000 | 7,967,917 | - | - | 7,967,917 |
| Net loss | - | - | (540,673) | - | (1,528,315) | (2,068,988) |
| **Balance, December 31, 2014** | $ - | 1,000 | $ 7,427,244 | 1,000 | $ 34,918,649 | $ 42,345,893 |

See accompanying notes                4

**Dorena Hydro, LLC**
Statements of Cash Flows
(in US Dollars)
Years Ended December 31,

|  | 2014 | 2013 |
|---|---|---|
| **Cash provided by (used in)** | | |
| | | |
| **Operations** | | |
| Net loss | $ (2,068,988) | $ (11,796) |
| Items not affecting cash | | |
| Amortization | 36,184 | - |
| Accretion of decommissioning liability | 9,412 | 8,479 |
| | (2,023,392) | (3,317) |
| Net changes in non-cash working capital | | |
| Accounts receivable | (53,121) | - |
| Prepaids | (4,197) | - |
| Accounts payable and accrued liabilities | (4,643,117) | - |
| | (6,723,827) | (3,317) |
| | | |
| **Investing** | | |
| Hydroelectric project under construction | (8,541,211) | (17,760,108) |
| Receipt of amounts held in escrow | 2,250,000 | - |
| Redemption of amounts held to secure letter of credit | - | 303,631 |
| | (6,291,211) | (17,456,477) |
| | | |
| **Financing** | | |
| Contributions received | 82,550 | 8,631,042 |
| Sale of Class A units (net of costs) | 1,097,917 | - |
| Payment of loan | (2,250,000) | - |
| Advances from related party | 213,343 | 130,207 |
| Sale of Business Energy Tax Credit (net of costs) | 7,332,197 | - |
| Short-term advance | 7,585,553 | - |
| | 14,061,560 | 8,761,249 |
| | | |
| **Net change in cash and cash equivalents** | 1,046,522 | (8,698,545) |
| | | |
| **Cash and cash equivalents, beginning of year** | 2,777,066 | 11,475,611 |
| | | |
| **Cash and cash equivalents, end of year** | $ 3,823,588 | $ 2,777,066 |

See accompanying notes

5

**Dorena Hydro, LLC**
Notes to Financial Statements
(in US Dollars)
Year ended December 31, 2014

1.   NATURE OF OPERATIONS

Dorena Hydro, LLC (the "Company") is a limited liability company incorporated on February 26, 2008 in the State of Oregon with an office at 55 University Avenue, Suite 201, Toronto, Ontario, Canada, M5J 2H7. The Company's principal activity is the operation of a 7.5 megawatt run-of-river hydroelectric retrofit project in Cottage Grove, Oregon, USA. The construction of the power plant was officially completed on December 10, 2014.

The Company was initially co-owned by Symbiotics Energy Corp ("Symbiotics") and Emerald People's Utility District. In 2011, Symbiotics purchased full ownership of the Company. In 2012, Symbiotics transferred ownership of the Company to Riverbank ACD Hydro, LLC, another entity held by Symbiotics. On December 20, 2012, Riverbank ACD Hydro, LLC was acquired by the Infrastructure Coalition LP through its US holding company, ICP US Hydro Holdings Inc. In 2013, Riverbank ACD Hydro, LLC changed its name to ACD Hydro, LLC ("ACD"). On October 3, 2014, the Company issued 1,000 Class A units and 1,000 Class B units. 100% of the Class B units are held by ACD and 100% of the Class A units are held by East West Bancorp, Inc (See Note 10).

2.   BASIS OF PREPARATION

The financial statements are prepared on the historical cost basis except for certain assets, liabilities and financial instruments which are measured at their fair values, as explained in the relevant accounting policies.

The financial statements are presented in US dollars which is also the Company's functional currency.

**Aspects of the Limited Liability Company**

As a limited liability company, each member's liability is limited to the capital invested.

The Company is treated as a partnership for US federal and state income tax purposes. Consequently, US federal and state income taxes are not payable by, or provided for, the Company. All Company earnings flow through to its member. Accordingly, the financial statements do not reflect a provision for income taxes.

3.   SIGNIFICANT ACCOUNTING POLICIES

**Statement of Compliance**

The financial statements of the Company have been prepared in accordance with International Financial Reporting Standards ("IFRS") as issued by the International Accounting Standards Board ("IASB") and interpretations of the International Financial Reporting Interpretations Committee ("IFRIC").

The financial statements for the year ended December 31, 2014 were approved and authorized for issue by the board of directors on July 15, 2015.

**Dorena Hydro, LLC**
Notes to Financial Statements
(in US Dollars)
Year ended December 31, 2014

3.   SIGNIFICANT ACCOUNTING POLICIES (Cont'd)

Use of Estimates

The preparation of financial statements in compliance with IFRS requires the Company's management to make certain estimates and assumptions that they consider reasonable and realistic. Estimates and judgements are inherent in, but not limited to the following: accounts payable and accrued liabilities, impairment of hydroelectric power plant, the allocation of costs to the components of the hydroelectric power plant, cost and effective interest rate of the decommissioning liability, the effective interest rate of the loan payable, and the fair value of the guarantee. Despite regular reviews of these estimates and assumptions, based in particular on past achievements or anticipations, facts and circumstances may lead to changes in these estimates and assumptions which could impact the reported amount of the Company's assets, liabilities, member's equity or earnings.

Cash and Cash Equivalents

Cash and cash equivalent comprises of bank indebtedness and cash to be spent only on the hydroelectric plant under construction. These monies are accessible through the approval of drawdown certificates attested by ACD Hydro, LLC and an independent engineer. The approval of the drawdown certificates are authorized by Travelers Capital Corporation, the appointed loan agent, for the loan issued to ACD Hydro, LLC by Industrial Alliance Insurance and Financial Services.

Hydroelectric Project Under Construction

Project under construction is carried at cost. Cost includes the acquisition costs, construction costs, interest charged by ACD Hydro, LLC (See Note 11), as well as the costs directly attributable to bringing the asset to the condition necessary for its use in operations. The plant under construction was completed in the current year and was officially operating as of December 10, 2014.

Hydroelectric Power Plant

As the Project under construction was completed in the year, the total costs of the project was allocated to its significant components with different useful lives in accordance with IFRS. Plant and equipment are stated at cost less accumulated amortization.

Expenditures incurred to replace a component of an item of plant and equipment that is accounted for separately are capitalized.

These assets are amortized at the following rates:

| | |
|---|---|
| Access road | 60 years, straight line |
| Electrical facility | 35 years, straight line |
| Transmission line | 40 years, straight line |
| Penstock and intake | 80 years, straight line |
| Siphon house | 65 years, straight line |
| Building | 80 years, straight line |
| Turbines | 60 years, straight line |

**Dorena Hydro, LLC**
Notes to Financial Statements
(in US Dollars)
Year ended December 31, 2014

3.   SIGNIFICANT ACCOUNTING POLICIES (Cont'd)

The hydroelectric power plant is tested for impairment whenever events or changes in circumstances indicate that their carrying amount may not be recoverable. The recoverable amount is the higher of fair value less costs of disposal and value in use. Fair value is the price that would be received to sell an asset or paid to transfer a liability in an orderly transaction between market participants at the measurement date.  Costs of disposal are incremental costs directly attributable to disposal.  Value in use is equal to the present value of future cash flows expected to be derived from the asset.  For the purpose of impairment testing, assets that cannot be tested individually are grouped together into the smallest group of assets that generates cash inflows from continuing use that are largely independent of the cash inflows of other assets or groups of assets (the "cash-generating unit" or "CGU").

An impairment loss is recognized for the amount by which the asset's carrying amount exceeds its recoverable amount.  Impairment losses recognized in respect of CGUs are allocated first to reduce the carrying amount of any goodwill allocated to the units, and then to reduce the carrying amounts of the other assets in the unit (Company of units) on a *pro rata* basis.  Impairment loss is recognized in profit or loss.

Impairment losses may be reversed, except for goodwill, in a subsequent period where the impairment no longer exists or has decreased.  The carrying amount after a reversal must not exceed the carrying amount (net of depreciation) that would have been determined had no impairment loss been recognized.  A reversal of impairment loss is recognized in profit or loss.

**Decommissioning Liability**

A decommissioning liability is recognized at fair value in the period during which a legal or constructive obligation is incurred, when the amount of the liability can be reliably estimated and it is probable that the settlement of the obligation will require a financial payment. Decommissioning costs are capitalized into the value of the related asset and are amortized over the asset's remaining useful life. The liability is discounted to reflect fair value.

**Contingent Liability**

A contingent liability is a possible obligation that arises from past events and of which the existence will be confirmed only by the occurrence or non-occurrence of one or more uncertain future events not wholly within the control of the Company; or a present obligation that arises from past events (and therefore exists), but is not recognized because it is not probable that a transfer or use of assets, provision of services or any other transfer of economic benefits will be required to settle the obligation, or the amount of the obligation cannot be estimated reliably.

**Financial Instruments**

The Company recognizes a financial asset or a financial liability when, and only when, it becomes a party to the contractual provisions of the instrument.  Such financial assets or financial liabilities are initially recognized at fair value and the subsequent measurement depends on their classification.

**Dorena Hydro, LLC**
**Notes to Financial Statements**
(in US Dollars)
Year ended December 31, 2014

3.   SIGNIFICANT ACCOUNTING POLICIES (Cont'd)

Financial assets classified as fair value through profit and loss ("FVTPL") are measured at fair value with any resultant gain or loss recognized in profit or loss.  Financial assets classified as available-for-sale are measured at fair value with any resultant gain or loss being recognized directly under other comprehensive income.  Investments in equity instruments classified as available-for-sale that do not have a quoted market price in an active market and whose fair value cannot be reliably measured are measured at cost. When available-for-sale financial assets are derecognized, the cumulative gain or loss previously recognized directly in equity is recognized in profit or loss. Financial assets classified as loans and receivables and held to maturity, are measured at amortized cost using the effective interest rate method.

Transaction costs associated with FVTPL financial assets are expensed as incurred, while transaction costs associated with all other financial assets are included in the initial carrying amount of the asset.

All financial liabilities are recognized initially at fair value plus, in the case of loans and borrowings, directly attributable transaction costs.  Financial liabilities are classified as other financial liabilities, and are subsequently measured at amortized cost using the effective interest rate method.

Financial guarantee contact liabilities are measured at their fair values with the change in fair value recognized in the statement of operations.

The Company's financial instruments and its classification are as follows:

| | |
|---|---|
| Cash and cash equivalents | FVTPL |
| Restricted cash | FVTPL |
| Accounts receivable | Loans and receivables |
| Other receivables | Loans and receivables |
| Accounts payable and accrued liabilities | Other financial liabilities |
| Loan payable | Other financial liabilities |
| Short-term advance | Other financial liabilities |
| Due to related party | Other financial liabilities |

Financial assets are derecognized when the Company's rights to cash flows from the respective assets have expired or have been transferred and the Company has neither exposure to the risks inherent in those assets nor entitlement to rewards from them. A financial liability is derecognized when the obligation under the liability is discharged or cancelled or expires. Where an existing financial liability is replaced by another from the same lender on substantially different terms, or the terms of an existing liability are substantially modified, such an exchange or modification is treated as a de-recognition of the original liability and the recognition of a new liability.   The difference in the respective carrying amounts is recognized in the statement of operations.

Financial assets and liabilities are offset and the net amount presented in the statement of financial position when, and only when, the Company has a legal right to offset the amounts and intends either to settle on a net basis or to realize the asset and settle the liability simultaneously.

The Company categorize their financial assets and liabilities measured at fair value into one of three different levels depending on the observability of the inputs used in the measurement.

Level 1: This level includes assets and liabilities measured at fair value based on unadjusted quoted prices for identical assets and liabilities in active markets that are accessible at the measurement date.

**Dorena Hydro, LLC**
**Notes to Financial Statements**
(in US Dollars)
Year ended December 31, 2014

3.   SIGNIFICANT ACCOUNTING POLICIES (Cont'd)

Level 2: This level includes valuations determined using directly or indirectly observable inputs other than quoted prices included within Level 1. Derivative instruments in this category are valued using models or other standard valuation techniques derived from observable market inputs.

Level 3: This level includes valuations based on inputs which are less observable, unavailable or where the observable data does not support a significant portion of the instruments' fair value.

The Company's financial instruments measured at fair value on the balance sheet consist of cash and cash equivalents, and restricted cash. Cash and cash equivalents, and restricted cash are measured at level 1 of the fair value hierarchy.

4.   ADOPTION OF NEW ACCOUNTING STANDARDS

As required under IASB, effective January 1, 2014, the company adopted the following standards and amendments to IFRS.

IAS 32 Financial Instruments: Presentation was amended by the IASB in December 2011. Offsetting Financial Assets and Financial Liabilities amendment addresses inconsistencies identified in applying some of the offsetting criteria.

IAS 36 Impairment of Assets was amended by the IASB in June 2013. Recoverable Amount Disclosures for Non-Financial Assets amendment modifies certain disclosure requirements about the recoverable amount of impaired assets if that amount is based on fair value less costs of disposal.

The adoption of the above standards did not have a material impact on the Company's financial statements.

**New Standards and Interpretations to be Adopted**

The following pronouncements issued by the IASB and interpretations published by IFRIC will become effective for annual periods beginning on or after January 1, 2015, with earlier adoption permitted.

IFRS 9 Financial Instruments was issued by the IASB in July 2014 and will replace IAS 39 Financial Instruments: Recognition and Measurement. IFRS 9 uses a single approach to determine whether a financial asset is measured at amortized cost or fair value, replacing the multiple rules in IAS 39. The approach in IFRS 9 is based on how an entity manages its financial instruments in the context of its business model and the contractual cash flow characteristics of the financial assets. Most of the requirements in IAS 39 for classification and measurement of financial liabilities were carried forward unchanged to IFRS 9. The new standard also requires a single impairment method to be used, replacing the multiple impairment methods in IAS 39.. A new hedge accounting model is introduced and represents a substantial overhaul of hedge accounting which will allow entities to better reflect their risk management activities in the financial statements.  The most significant improvements apply to those that hedge non-financial risk, and so these improvements are expected to be of particular interest to non-financial institutions.  Earlier application is permitted.

**Dorena Hydro, LLC**
Notes to Financial Statements
(in US Dollars)
Year ended December 31, 2014

4.   ADOPTION OF NEW ACCOUNTING STANDARDS (Cont'd)

The Company has not yet completed its evaluations of the effect of adopting the above standards and the impact it may have on its financial statements.

5.   RESTRICTED CASH

The Company's restricted cash and cash equivalent balances are composed of the following items:

|  | | 2014 | | 2013 |
|---|---|---|---|---|
| Escrow[(i)] | $ | - | $ | 2,250,000 |
| Right of Way Bond[(ii)] | | 20,000 | | 20,000 |
| | $ | 20,000 | $ | 2,270,000 |

(i)   In connection with the construction agreement with Department of the Army, Corps of Engineers, Dorena Hydro, LLC is required to have $2,250,000 held in escrow from the beginning of construction until the completed power plant is fully installed and tested. On the completion of the power plant, the amount held in escrow was withdrawn.

(ii)   Right of Way Bond are amounts held by the United States Department of the Interior - Bureau of Land Management as a performance bond.

6.   HYDROELECTRIC PROJECT UNDER CONSTRUCTION

The Company has one hydroelectric project in Dorena Lake, Oregon. The project was officially completed and online on December 10, 2014. The project costs incurred as of December 10, 2014 is $40,351,418 (December 31, 2013 - $39,875,343). The additions for fiscal 2014 were financed via $7,332,197 received as net proceeds from the Business Energy Tax Credit and $1,097,917 (net of costs) received in partial proceeds on the sale of Class A units (Note 10).

**Dorena Hydro, LLC**
Notes to Financial Statements
(in US Dollars)
Year ended December 31, 2014

7.   **HYDROELECTRIC POWER PLANT**

| | Balance, December 31, 2013 | Additions | Disposals | Balance, December 31, 2014 |
|---|---|---|---|---|
| **Cost** | | | | |
| Access road | $ - | $ 1,724,958 | $ - | $ 1,724,958 |
| Electrical facility | - | 6,570,292 | - | 6,570,292 |
| Transmission line | - | 3,231,020 | - | 3,231,020 |
| Penstock and intake | - | 7,696,652 | - | 7,696,652 |
| Siphon house | - | 709,787 | - | 709,787 |
| Building | - | 8,995,088 | - | 8,995,088 |
| Turbines | - | 10,592,561 | - | 10,592,561 |
| Land | - | 831,060 | - | 831,060 |
| Total | $ - | $ 40,351,418 | $ - | $ 40,351,418 |

| | Balance, December 31, 2013 | Additions | Disposals | Balance, December 31, 2014 |
|---|---|---|---|---|
| **Accumulated Amortization** | | | | |
| Access road | $ - | $ 1,497 | $ - | $ 1,497 |
| Electrical facility | - | 9,863 | - | 9,863 |
| Transmission line | - | 4,205 | - | 4,205 |
| Penstock and intake | - | 5,008 | - | 5,008 |
| Siphon house | - | 568 | - | 568 |
| Building | - | 5,853 | - | 5,853 |
| Turbines | - | 9,190 | - | 9,190 |
| Land | - | - | - | - |
| Total | $ - | $ 36,184 | $ - | $ 36,184 |

| | Balance, December 31, 2013 | Additions | Disposals | Balance, December 31, 2014 |
|---|---|---|---|---|
| **Net Book Value** | | | | |
| Access road | $ - | $ 1,723,461 | $ - | $ 1,723,461 |
| Electrical facility | - | 6,560,429 | - | 6,560,429 |
| Transmission line | - | 3,226,815 | - | 3,226,815 |
| Penstock and intake | - | 7,691,644 | - | 7,691,644 |
| Siphon house | - | 709,219 | - | 709,219 |
| Building | - | 8,989,235 | - | 8,989,235 |
| Turbines | - | 10,583,371 | - | 10,583,371 |
| Land | - | 831,060 | - | 831,060 |
| Total | $ - | $ 40,315,234 | $ - | $ 40,315,234 |

**Dorena Hydro, LLC**
Notes to Financial Statements
(in US Dollars)
Year ended December 31, 2014

8.   **LOAN PAYABLE**

The Company had a promissory note to Caisse De Depot Et Placement Du Quebec ("Caisse") in the amount of $2,250,000 payable on maturity. The original maturity date of the loan is the earliest of (a) the date on which the Escrow Agent, Wells Fargo bank, receives a written demand from a representative of the Department of the Army, Corps of Engineers ("USACE") for the withdrawal from Escrowed funds (Note 5(ii)), (b) the date on which the Escrowed funds are released to Dorena Hydro, LLC, or (c) November 10, 2013. The promissory note bears an interest rate of 5% per annum and is secured by a general security agreement. The Company had $nil (2013 - $732,938) in accrued interest as of December 31, 2014. During the year, the Company finalized the release of the escrow funds (Note 5(ii)) which was used to fully repay the loan payable.

9.   **DECOMMISSIONING LIABILITY**

|  | 2014 | 2013 |
|---|---|---|
| Opening balance | $    85,565 | $    77,086 |
| Accretion of decommissioning liability | 9,412 | 8,480 |
| Ending balance | $    94,977 | $    85,566 |

The Company's decommissioning liability was estimated by management based on the estimated cost of $3,405,000 for the removal and disposal of penstock, removal and salvage of turbines, generators and electrical equipment, demolition and disposal of powerhouse, removal of on-site substation and revegitation of the site. A discount rate of 11% and a term of 50 years was used to determine the present value of the decommissioning obligation.

10.   **TAX CREDITS**

During the year, the Company applied for the Business Energy Tax Credit ("BETC") from the State of Oregon and the Investment Tax Credit ("ITC") from the US Federal Government. The Company received a BETC certificate dated July 1, 2014 in the amount of $10,000,000. The BETC program allows the Company to transfer the tax credit to a pass-through partner in return for a lump-sum cash payment. By utilizing the pass-through option, the Company sold the full amount of the credit for $8,235,197 ($7,332,197 net of costs). Also in the year, the Company had amended its limited liability company agreement in order to sell the ITC received in the year. In order to pass the benefits of the ITC received on to a third party, 1,000 Class A units and 1,000 Class B units were issued. The current member, ACD, receives all Class B units and all contributions made prior to the Transaction Date (October 3, 2014) transfers to these units. The purchaser of the ITC benefit acquired the Class A units for $9,160,000 ($7,967,917 net of costs) which is collectible as follows:

-   $2,290,000 immediately on closing of the transaction
-   $5,496,000 on meeting certain criteria, including, the delivery of operation and maintenance agreement, access agreement, deliver of a draft of the cost certification,
-   $1,374,000 on meeting certain criteria, including, the delivery of the final cost certification, cost certification report, K-1 investor form.

As of December 31, 2014, $6,870,000 was still receivable.

**Dorena Hydro, LLC**
Notes to Financial Statements
(in US Dollars)
Year ended December 31, 2014

10.  **TAX CREDITS** (Cont'd)

The Class A unit holders would be allocated 99% of the income from the Company from October 3, 2014 to March 31, 2020 while the Class B units received 1% during this time period. Subsequent to March 31, 2020, the Class A member receives 5% of the income while the Class B member received 95%.

11.  **RELATED PARTY TRANSACTIONS**

During the year, $681,561 (2013 - $776,604) was paid to its parent company related to interest incurred on the parent company's debt used to fund the hydroelectric project under construction.

As at December 31, 2014, the Company had $343,550 (2013 - $130,207) payable to Infrastructure Coalition LP.

12.  **SHORT-TERM ADVANCE**

Short-term advance in the amount of $7,585,553 (2013 - $Nil) is non-interest bearing and due on demand that is payable to Infrastructure Coalition LP.

13.  **COMMITMENTS AND GUARANTEES**

The Company had entered into a power purchase agreement with Pacificorp to supply electricity for periods up to November 30, 2032. The electricity prices are established based on rates, subject to inflation, that have been agreed and set in the power purchase agreement.

The Company is the guarantor for the long-term debt held by the parent company, ACD Hydro, LLC. On December 31, 2014, the loan held by ACD Hydro, LLC for the Dorena project was $10,554,904 (2013 - $13,450,000). The fair value of the financial guarantee contract is determined by present valuing the probability of default over the period to the expected completion of the project. The fair value of the financial guarantee contract is not material, therefore, have not been recorded.

**Dorena Hydro, LLC**
**Notes to Financial Statements**
(in US Dollars)
Year ended December 31, 2014

14.   **FINANCIAL RISKS**

**Liquidity Risk**

Liquidity risk relates to the risk the Company will encounter difficulty in meeting its obligations associated with financial liabilities.  The financial liabilities on its balance sheet consist of accounts payable and accrued liabilities and loan payable.   Management closely monitors cash flow requirements to ensure that it has sufficient cash on demand to meet operational and financial obligations.

As at December 31, 2014, the carrying and fair value amounts of the Company's financial instruments are approximately equivalent.

15.   **CONTINGENT LIABILITY**

In 2013, the Company withheld payment of invoices amounting to USD $7.1 million (included in accounts payable) to its contractor, Mowat Construction Company ('Mowat"), to offset claims related to Mowat's failure to meet its contractual obligations, and subsequently terminated the construction agreement between itself and Mowat due to Mowat's default. In February 2014, Mowat commenced an action against the Company for non-payment of USD $7.1 million and improper termination and the Company filed a counterclaim against Mowat for various breaches. The lawsuit is currently in the discovery stage of the litigation and the current amount of damages are unspecified.

In 2014, Hage Electric & Construction Services, Inc. ("Hage") and Bat Electric, Inc ("Bat Electric"), brought an action alleging nonpayment for services as a subcontractor of Mowat. The Company is named as one of the defendants to the construction lien foreclosure claim. Hage and Bat Electric asserts entitlement to approximately $418,000 and $181,000, respectively, plus interest, attorney fees and costs and seek to foreclose on the lien. The Company disputes its liability and has asserted affirmative claims in response against Mowat and Liberty Mutual Insurance Company, and also seeks recovery of its attorneys' fees against Hage and Bat Electric. The case is at the initial stage of discovery and motions practice.

# EXHIBIT C

| **PERFORMANCE BOND**<br>*(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)*<br>12/20/2013 | OMB Number: **9000-0045**<br>Expiration Date: **6/30/2016** |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

| PRINCIPAL *(Legal name and business address)*<br><br>Dorena Hydro, LLC<br>975 South State Highway 89/91<br>Logan, Utah  84321 | TYPE OF ORGANIZATION ("X" one)<br><br>☐ INDIVIDUAL    ☐ PARTNERSHIP<br><br>☐ JOINT VENTURE    ☒ CORPORATION |
|---|---|
| | STATE OF INCORPORATION<br>Oregon |

| SURETY(IES) *(Name(s) and business address(es)*<br><br>Westchester Fire Insurance Company<br>436 Walnut Street<br>Philadelphia, PA 19106 | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| | MILLION(S) | THOUSANDS | HUNDRED(S) | CENTS |
| | 4 | 0 | 0.00 | 0.00 |
| | CONTRACT DATE<br><br>04/25/2012 | | CONTRACT NO.<br><br>Project 11945 Sub-agr | |

**OBLIGATION**

We, the Principal and Surety (ies), are firmly bound to the Unites States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action against any or all of us. for all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS**

The Principal has entered into the contract identified above.

**THEREFORE**

The above obligation is void if the Principal-

    (a)(1)  Performs and fulfills all the undertaking, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice of the Surety(ies)  and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

    (b)    Pays to the Government the full amount of the taxes imposed by the Government, if the said contracts is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

**WITNESS**

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

| PRINCIPAL | | | |
|---|---|---|---|
| SIGNATURE(S) | 1.<br>(Seal) | 2.<br>(Seal) | 3.<br>(Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | 3. | |

| INDIVIDUAL SURETY(IES) | | |
|---|---|---|
| SIGNATURE(S) | 1.<br>(Seal) | 2.<br>(Seal) |
| NAME(S) *(Typed)* | 1. | 2. |

| CORPORATE SURETY(IES) | | | |
|---|---|---|---|
| **SURETY A** | NAME & ADDRESS | Westchester Fire Insurance Company, 436 Walnut Street, Philadelphia, PA 19106 | STATE OF INC.<br>NY | LIABILITY LIMIT ($)<br>10,000,000 | Corporate Seal |
| | SIGNATURE(S) | 1. *Margaret Weglicka* | 2. | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Margaret Weglicka, Attorney-in-Fact | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION<br>Previous edition not usable

**STANDARD FORM 25** (REV. 5/1996)<br>Prescribed by GSA-FAR (48 CFR) 53.228 (b)

| | | | STATE OF INC. | | LIABILITY LIMIT ($) | |
|---|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | | | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |
| | | | STATE OF INC. | | LIABILITY LIMIT ($) | |
| **SURETY C** | NAME & ADDRESS | | | | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |
| | | | STATE OF INC. | | LIABILITY LIMIT ($) | |
| **SURETY D** | NAME & ADDRESS | | | | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |
| | | | STATE OF INC. | | LIABILITY LIMIT ($) | |
| **SURETY E** | NAME & ADDRESS | | | | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |
| | | | STATE OF INC. | | LIABILITY LIMIT ($) | |
| **SURETY F** | NAME & ADDRESS | | | | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |
| | | | STATE OF INC. | | LIABILITY LIMIT ($) | |
| **SURETY G** | NAME & ADDRESS | | | | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |

**CORPORATE SURETY(IES)** *(Continued)*

| BOND PREMIUM ▶ | RATE PER THOUSAND ($)  15.00 | TOTAL ($)  60,000.00 |
|---|---|---|

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., and attorney-in-fact)  must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3.   (a) Corporations executing the bond as sureties must appear on the department of the Treasury's list of approved sureties and must act within the limitation listen therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated  "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

   (b)  Where individual sureties are involved, a completed Affidavit of  Individual Surety (standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4.  Corporation executing the bond shall affix their corporate seals. Individual shall execute the bond opposite the word " Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5.  Type the name and title of each person signing this bond in the space provided.

**STANDARD FORM 25** (REV. 5/1996) BACK

# EXHIBIT D

| **PAYMENT BOND**<br>*(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)*<br>01/08/2014 | OMB Number: **9000-0045**<br>Expiration Date: **5/31/2013** |
|---|---|---|

Public reporting burden for this collection of information is estimate to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

| PRINCIPAL *(Legal name and business address)*<br>Dorena Hydro, LLC<br>55 University Ave, Suite 201<br>Toronto, ON M5J 2H7 | TYPE OF ORGANIZATION *("X" one)* |
|---|---|

TYPE OF ORGANIZATION *("X" one)*

☐ INDIVIDUAL    ☐ PARTNERSHIP

☐ JOINT VENTURE    ☒ CORPORATION

STATE OF INCORPORATION
Oregon

SURETY(IES) *(Name(s) and business address(es)*
Westchester Fire Insurance Company
436 Walnut Street
Philadelphia, PA 19106

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 4.00 | 0.00 | 0.00 | 0.00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 04/25/2012 | Project 11945 Sub-agr |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. for payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| | **PRINCIPAL** | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. *(signature)* (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. PETER CLERMONT | 2. | 3. | |

| | **INDIVIDUAL SURETY(IES)** | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) *(Typed)* | 1. | 2. |

| | | **CORPORATE SURETY(IES)** | | |
|---|---|---|---|---|
| **SURETY A** | NAME & ADDRESS | Westchester Fire Insurance Company, 436 Walnut Street, Philadelphia, PA 19106 | STATE OF INC.<br>NY | LIABILITY LIMIT<br>$ 10,000,000 | |
| | SIGNATURE(S) | 1. *(signature)* Anne Marie Sheehan | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Anne Marie Sheehan, Attorney-in-Fact | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

**STANDARD FORM 25A** (REV. 10/1998)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

**Exhibit A - Page 1 of 3**

| CORPORATE SURETY(IES) *(Continued)* | | | | |
|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)."

In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

   (b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

**STANDARD FORM 25A** (REV. 10/1998) BACK

**Exhibit A - Page 2 of 3**

## Power of Attorney

# WESTCHESTER FIRE INSURANCE COMPANY

**Know all men by these presents:** That **WESTCHESTER FIRE INSURANCE COMPANY**, a corporation of the Commonwealth of Pennsylvania pursuant to the following Resolution, adopted by the Board of Directors of the said Company on December 11, 2006, to wit:

"RESOLVED, that the following authorizations relate to the execution, for and on behalf of the Company of bonds, undertakings, recognizances, contracts and other written commitments of the Company entered into the ordinary course of business (each a "Written Commitment"):

(1) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise.

(2) Each duly appointed attorney-in-fact of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise, to the extent that such action is authorized by the grant of powers provided for in such persons written appointment as such attorney-in-fact.

(3) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to appoint in writing any person the attorney-in-fact of the Company with full power and authority to execute, for and on behalf of the Company, under the seal of the Company or otherwise, such Written Commitments of the Company as may be specified in such written appointment, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(4) Each of the Chairman, the President and Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to delegate in writing any other officer of the Company the authority to execute, for and on behalf of the Company, under the Company's seal or otherwise, such Written Commitments of the Company as are specified in such written delegation, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(5) The signature of any officer or other person executing any Written Commitment or appointment or delegation pursuant to this Resolution, and the seal of the Company, may be affixed by facsimile on such Written Commitment or written appointment or delegation.

FURTHER RESOLVED, that the foregoing Resolution shall not be deemed to be an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and such Resolution shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested.

Does hereby nominate, constitute and appoint Anne-Marie Sheehan, Cheryl Lynn Holmes, David Bowcott, Janice Takeuchi, Margaret Weglicka, all of the City of TORONTO, Ontario, each individually if there be more than one named, its true and lawful attorney-in-fact; to make, execute, seal and deliver on its behalf, and as its act and deed any and all bonds, undertakings, recognizances, contracts and other writings in the nature thereof in penalties not exceeding Ten million dollars & zero cents ($10,000,000.00) and the execution of such writings in pursuance of these presents shall be as binding upon said Company, as fully and amply as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office.

IN WITNESS WHEREOF, the said Stephen M. Haney, Vice-President, has hereunto subscribed his name and affixed the Corporate seal of the said **WESTCHESTER FIRE INSURANCE COMPANY** this 7 day of December 2012.

WESTCHESTER FIRE INSURANCE COMPANY



*Stephen M. Haney , Vice President*

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA       ss.

On this 7 day of December, AD. 2012 before me, a Notary Public of the Commonwealth of Pennsylvania in and for the County of Philadelphia came Stephen M. Haney , Vice-President of the **WESTCHESTER FIRE INSURANCE COMPANY** to me personally known to be the individual and officer who executed the preceding instrument, and he acknowledged that he executed the same, and that the seal affixed to the preceding instrument is the corporate seal of said Company; that the said corporate seal and his signature were duly affixed by the authority and direction of the said corporation, and that Resolution, adopted by the Board of Directors of said Company, referred to in the preceding instrument, is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at the City of Philadelphia the day and year first above written.



COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREN E. BRANDT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires September 26, 2014

*Notary Public*

I, the undersigned Assistant Secretary of the **WESTCHESTER FIRE INSURANCE COMPANY**, do hereby certify that the original POWER OF ATTORNEY, of which the foregoing is a substantially true and correct copy, is in full force and effect.

In witness whereof, I have hereunto subscribed my name as Assistant Secretary, and affixed the corporate seal of the Corporation, this 20 day of *December*, 2013.



*William L. Kelly, Assistant Secretary*

THIS POWER OF ATTORNEY MAY NOT BE USED TO EXECUTE ANY BOND WITH AN INCEPTION DATE AFTER December 07, 2014.

**Exhibit A - Page 3 of 3**

THE BACK OF THIS DOCUMENT LISTS VARIOUS SECURITY FEATURES        THAT WILL PROTECT AGAINST COPY COUNTERFEIT AND ALTERATION.

EXHIBIT E

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Oregon

| | |
|---|---|
| MOWAT CONSTRUCTION COMPANY, a Washington corporation, UNITED STATES OF AMERICA for the use and benefit of MOWAT CONSTRUCTION COMPANY, <br><br> *Plaintiff(s)* <br><br> v. <br><br> DORENA HYDRO, LLC, an Oregon limited liability company, WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania surety company, <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No.  6:14-cv-00094-AA |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Westchester Fire Insurance Company
c/o Patty Dietz, Registered Agent
12909 SW 68th Parkway Suite 450
Portland, OR 97223

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     John Spencer Stewart
Stewart Sokol & Gray LLC
2300 SW First Avenue, Suite  200
Portland, OR 97201-5047

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MARY L. MORAN, Clerk of Court

By: _____ Flinn, Deputy Clerk

Received
ACE

JUN 1 6 14

Incoming Legal

Date:  06/12/2014

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  6:14-cv-00094-AA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.


Date: _____           _____
                                              *Server's signature*

                                         _____
                                              *Printed name and title*


                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc:

John Spencer Stewart, OSB #711648
jstewart@lawssg.com
Thomas A. Larkin, OSB #923623
tlarkin@lawssg.com
Tyler J. Storti, OSB #034965
tstorti@lawssg.com
**STEWART SOKOL & GRAY LLC**
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Facsimile: (503) 419-0281

John P. Ahlers, OSB #075889
jahlers@ac-lawyers.com
**AHLERS & CRESSMAN PLLC**
999 Third Avenue, Suite 3800
Seattle, Washington 98104-4023
Telephone: (206) 287-9900
Facsimile: (206) 287-9902
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| MOWAT CONSTRUCTION COMPANY, a Washington corporation, UNITED STATES OF AMERICA for the use and benefit of MOWAT CONSTRUCTION COMPANY, <br><br>           Plaintiff, <br><br>    v. <br><br> DORENA HYDRO, LLC, an Oregon limited liability company, WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania surety company, <br><br>           Defendants. | NO. 6:14-cv-00094-AA <br><br> **SECOND AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Mowat Construction Company ("Mowat"), for its Second Amended Complaint against Defendant Dorena Hydro, LLC ("Dorena") and Westchester Fire Insurance Company ("Westchester"), alleges, upon information and belief, as follows:

**SECOND AMENDED COMPLAINT – 1**
137591.1 (#101016.5)

## I. PARTIES

1.1      Mowat is a Washington corporation whose principal place of business is in the State of Washington.  Mowat is, and at all times relevant hereto has been, duly licensed as a construction contractor by the Oregon Construction Contractors Board.

1.2      Dorena is an Oregon limited liability company. Upon information and belief, Dorena's principal place of business is in the State of Idaho.

1.3      Westchester is a surety company incorporated in the State of Pennsylvania, which is authorized to conduct business as a surety in the State of Oregon.

## II. JURISDICTION AND VENUE

2.1      This Court has personal jurisdiction with regard to Dorena because Dorena is a resident of the State of Oregon, this action arises out of services performed by Mowat for Dorena in the State of Oregon, and Dorena has contractually consented to jurisdiction in this Court.

2.2      This Court has jurisdiction regarding the subject matter of this action, pursuant to 28 U.S.C. § 1332, as there is complete diversity and the amount in controversy requirement is met.

2.3      Venue is proper in this District, pursuant to 28 U.S.C. §1391, because the acts or omissions which give rise to Mowat's claims took place in this District, and the construction project that is the subject of this action is located in this District.

2.4      The Court also has jurisdiction over Westchester and subject matter jurisdiction over Mowat's Payment Bond Claim, and venue is proper, pursuant to 40 U.S.C. § 3133(b)(3).

2.5      Pursuant to Local Rule 3-2(a)(3), this action should be properly assigned to the Eugene Division because the acts or omissions which give rise to Mowat's claims took place in Lane County, the construction project that is the subject of this action is located in Lane County, and the contract at issue in this action calls for litigation of any dispute to be brought in federal or state court located in "Deshutes [*sic*] County in the State of Oregon."

SECOND AMENDED COMPLAINT – 2
137591.1 (#101016.5)

## III. FACTS

3.1      This lawsuit arises out of a construction project at Dorena Dam, in Lane County, Oregon, from the summer of 2012 through the date of this filing ("the Project"). The Project involved retrofitting an existing flood control dam with electrical generation equipment and facilities to produce hydroelectric power.

3.2      Dorena and Mowat executed a contract regarding the Project entitled "BALANCE OF PLANT AGREEMENT for the Dorena Hydroelectric Project" in the late spring of 2012 ("the Contract"). The title page of the Contract is dated as of the 20th day of April, 2012. The parties executed and exchanged the Contract shortly after April 20, 2012.

3.3      Pursuant to the Contract, subject to certain exceptions, Mowat was to provide materials, equipment, labor, and supervision for the construction of the following: a) an intake "trashrack" submerged in the lake upstream of the dam; b) a 10' diameter penstock from the intake trashrack to a butterfly valve immediately upstream of the dam face; c) excavation of a bore hole through the existing dam and installation of penstock through the bore; d) a siphon house immediately downstream of the dam to house a 10' diameter butterfly valve and vacuum equipment to initiate a siphon in the penstock; e) penstock downstream of the dam buried between the siphon house and a new powerhouse; f) powerhouse for two hydroelectric generating units to be supplied by Dorena; g) concrete-lined tailrace to discharge flows into the river downstream of the dam; h) tailrace fish barrier; i) bulkheads at the river; j) concrete wall and rubber dam within the existing outlet channel; k) drain sump, pumps, and piping from the pumps to the river; l) new 21 kV transmission line; m) new access road; n) and appurtenant facilities and improvements.

3.4      All designs, drawings, engineering, plans, and specifications for the Project were to be provided by Dorena or others.

3.5      Mowat's scope of work excluded all design drawings and/or engineering.

SECOND AMENDED COMPLAINT – 3
137591.1 (#101016.5)

3.6     Dorena was also to supply the turbines/generators and turbine shutoff valves (owner furnished equipment – "OFE"), as well as various required governmental and agency approvals and other conditions.

3.7     Dorena was to remain involved during the construction of the Project and to be the Project's contact point with all government and other agencies, including the Federal Energy Regulatory Commission (FERC), as well as the owner and operator of the dam, the United States Army Corps of Engineers (USACE).

3.8     From nearly the beginning of the Project, Dorena failed to meet its contractual obligations. Among other things, Dorena repeatedly failed to provide timely and approved engineering, design, drawings, plans, and/or specifications that Mowat needed to timely and efficiently proceed with its work. When Dorena's designs were provided, they often included errors and/or omitted information that was necessary for Mowat to proceed with its work. The designs for multiple components of the work were also repeatedly changed, further delaying and impacting the progress of Mowat's work. More recently, equipment and materials provided by Dorena for the Project have not functioned appropriately, further delaying and impacting the work. The multiplicity of Dorena design delays, errors, changes, and failures compounded the delay and impact to Mowat's progress throughout performance of the Project.

3.9     Mowat provided monthly schedule updates for Dorena's consideration, use, and approval throughout the Project, which were received and implemented without objection from Dorena.

3.10    The parties agreed on several occasions to change certain milestone dates associated with the project due to the delays, changes, errors, and omissions by Dorena. Mowat accelerated its performance to make up for Dorena's delays and Dorena agreed to pay Mowat for such acceleration. Although the delays by Dorena continued—even to the date of this filing Dorena has failed despite repeated requests to provide necessary designs for significant portions of the

SECOND AMENDED COMPLAINT – 4
137591.1 (#101016.5)

project that are required to proceed with the work—in November 2013 Dorena began refusing to adjust previously agreed milestone dates to appropriately account for the ongoing delays caused by Dorena. While Dorena itself caused all of the critical path delay to the Project, it has in correspondence admitted that it was responsible for half of the delay to the substantial completion date.

3.11      Dorena stopped paying Mowat in September 2013. Mowat has now submitted three billings that have been rejected and/or ignored by Dorena. The invoices are dated 9/30/2013 in the amount of $1,576,312.82, 10/31/2013 in the amount of $671,567.31, and 11/30/2013 in the amount of $591,956.03. Dorena did not issue a written statement detailing items in these billings that were not approved within 10 days of receipt. Dorena's correspondence and communications with Mowat have identified no proper dispute regarding a significant portion of the billings. Despite the passage of months since they were billed, and the existence of large undisputed amounts, Dorena has failed and/or refused to pay any of the billings, either undisputed amounts or ostensibly disputed amounts, all of which are due and owing.

3.12      The parties' representatives negotiated in person, by letter, and by phone to resolve the dispute, followed by an exchange of memoranda and further direct discussions between senior executives. With no resolution from the discussions, Mowat has made repeated oral and written requests for Dorena to engage in mediation, including by letter as early as December 5, 2013, and multiple subsequent requests. More than three months have now passed since senior executives commenced the negotiations, and although Dorena initially agreed to mediate, over six weeks have passed since Mowat's December 5, 2013 letter with no effort by Dorena to actually engage in mediation. With $7,109,200.20 in billings due and owing from Dorena, Mowat cannot reasonably continue to bear the cost of Dorena's delay in engaging in the dispute resolution process. Mowat intends to continue to engage Dorena in mediation, including by seeking such judicial order

SECOND AMENDED COMPLAINT – 5
137591.1 (#101016.5)

as may be necessary to compel Dorena's timely participation. By its effective refusal to participate in mediation, Dorena has waived any claim to attorneys' fees or costs in this matter.

## IV.   FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

4.1     The allegations in paragraphs 1.1 through 3.12 are incorporated herein by reference.

4.2     Between April 2012 and the present date, Mowat performed the work for Dorena on the Project.

4.3     Contrary to and in breach of its express and implied contractual obligations, representations, and warranties, Dorena has failed to pay Mowat $7,109,200.20 for billings presently due and owing; failed to provide timely, accurate, and usable design, engineering, drawings, plans, and specifications for the Project; failed to engage in mediation timely upon request by Mowat; and refused to execute appropriate change orders modifying Project dates and/or price for the multiplicity of owner delays, breaches, and owner directed extra work.

4.4     As a proximate result of Dorena's breaches, Mowat has suffered damages in an amount to be proven at trial.

## V.   SECOND CLAIM FOR RELIEF: UNJUST ENRICHMENT

5.1     The allegations in paragraphs 1.1 through 4.4 are incorporated herein by reference.

5.2     Dorena requested and directed Mowat to perform work on the Project, and through its statements and conduct indicated that Mowat would be paid the reasonable value of all work performed.

5.3     Mowat performed at Dorena's request and direction, and provided benefits to Dorena in performing the Project. Dorena accepted the benefits provided by Mowat.

5.4     Dorena has wrongfully refused to pay the full, fair, and reasonable value of the work performed by Mowat.

SECOND AMENDED COMPLAINT – 6
137591.1 (#101016.5)

5.5      Dorena has been unjustly enriched at Mowat's expense and under the circumstances it would be unjust for Dorena to retain the benefits without compensating Mowat for their value.

## VI. THIRD CLAIM FOR RELIEF: PROMPT PAYMENT ACT

6.1      The allegations in paragraphs 1.1 through 5.5 are incorporated herein by reference.

6.2      Mowat has provided billings and estimates for work performed and/or materials supplied under the Contract. Dorena failed to issue a written statement detailing items in the billings that are not approved within 10 days of receipt, or valid reasons for refusal to pay.

6.3      Dorena failed to pay Mowat's billings in accordance with the Contract or ORS § 701.620-.640.

6.4      As a result of Dorena's failure to make prompt payment, Mowat may suspend the work, and Dorena is liable to Mowat for interest on the unpaid billings at 1.5% per month as well attorneys' fees and costs.

## VII. FOURTH CLAIM FOR RELIEF: BREACH OF IMPLIED WARRANTY OF ADEQUACY OF PLANS AND SPECIFICATIONS

7.1      The allegations in paragraphs 1.1 through 6.4 are incorporated herein by reference.

7.2      Under the Contract, Dorena was solely responsible for design and engineering activities, and Mowat had no responsibility for any design or engineering activities.  As a matter of law, Dorena had the obligation to provide plans and specifications that were adequate, complete and sufficient to allow Mowat to construct the Project as intended when the Project was bid.  At the time that Dorena accepted Mowat's bid and awarded the Contract to Mowat, Dorena impliedly warranted the adequacy, sufficiency and completeness of the plans and specifications for purposes of reasonably bidding and performing construction of the Project.

SECOND AMENDED COMPLAINT – 7
137591.1 (#101016.5)

7.3     The plans upon which Mowat bid were, in fact, inadequate, inaccurate and incomplete.  Moreover, Dorena failed to timely remedy the defective plans and specifications, all of which constitute material and significant breaches of the implied warranty of the adequacy of plans and specifications.

7.4     As a direct, proximate and foreseeable result of Dorena's breaches of the implied warranty of the adequacy of the plans and specifications, Mowat incurred significant extra and unanticipated costs and damages, including, but not limited to, disruption and delay in completion of its work. Mowat has been damaged as set forth herein, and is entitled to recover its damages as proven at the time of trial, plus accrued and accruing interest at the highest applicable rate.

## VIII.  FIFTH CLAIM FOR RELIEF: EXPRESS AND CONSTRUCTIVE ACCELERATION

8.1     The allegations in paragraphs 1.1 through 7.4 are incorporated herein by reference.

8.2     Any delays in the Project were excusable and compensable, and were caused solely by the actions and inactions of Dorena and others for which Dorena is responsible.  Mowat provided timely notice to Dorena of all such impediments to timely performance and, in each instance, requested a reasonable extension of time for the changed and more difficult performance.

8.3     Dorena and its agents refused to grant Mowat's requested extensions within a reasonable time.  Dorena directly and through its agents expressly and impliedly ordered Mowat to accelerate its work, despite the insufficient plans and specifications.

8.4     As a result of Dorena's refusal to grant reasonable time extensions and its implicit order to accelerate, Mowat in fact accelerated its performance to meet Dorena's demands and stay on schedule.  This acceleration caused Mowat to incur substantial additional costs, which (in addition to other unpaid amounts) have not been compensated by Dorena. Mowat has been

SECOND AMENDED COMPLAINT – 8
137591.1 (#101016.5)

damaged as set forth herein, and is entitled to recover its damages as proven at the time of trial, plus
accrued and accruing interest at the highest applicable rate.

## IX.  SIXTH CLAIM FOR RELIEF: *QUANTUM MERUIT*/REASONABLE VALUE

9.1     The allegations in paragraphs 1.1 through 8.4 are incorporated herein by
reference.

9.2     Mowat, at the request of Dorena, as the reputed owner of the Project, and/or
Dorena's agents, furnished and/or installed services, labor, material, and equipment in the course of
performing its construction work, all of which were incorporated for the benefit of Dorena and the
Project.  The reasonable value of the work performed by Mowat far exceeds the amounts Dorena
has paid Mowat on the Project.

9.3     Dorena was at all times aware of the benefits Mowat's work conferred.

9.4     As an alternative claim for relief, Mowat is entitled to recover, on the basis of the
equitable doctrine of *quantum meruit* and in order to avoid unjust enrichment, the full, fair and
reasonable value of the work it performed.

## X.  SEVENTH CLAIM FOR RELIEF: WRONGFUL TERMINATION FOR DEFAULT

10.1    The allegations in paragraphs 1.1 through 9.4 are incorporated herein by
reference.

10.2    During the course of final completion and when the work had been further
delayed by the acts/omissions of Dorena and at a time Mowat was actively attempting to comply
with the mediation protocol, set forth in Article 19, Paragraph 19.3 of the Contract which requires
mandatory alternative dispute resolution, Dorena embarked upon an undisclosed plan to wrongfully
terminate Mowat's right to complete the contract work.

10.3    Dorena, in furtherance of its wrongful conduct, issued a three day notice to cure
on Saturday night, February 1, 2014 at 7 p.m. Pacific Standard Time, purportedly in accordance
with Article 17, Paragraph 17.1(b) of the Contract.

SECOND AMENDED COMPLAINT – 9
137591.1 (#101016.5)

10.4     Dorena's demonstrated bad faith, reflected by the timing of its notice to cure, in effect gave Mowat one working day to complete all outstanding work, including work, the completion of which had been unreasonably delayed by the acts and omissions of Dorena.

10.5     By virtue of its wrongful conduct, including but not limited to its wrongful termination of Mowat's right to complete its contract work, Mowat is entitled to recover all of its costs, expenses and damages, together with pre-judgment interest from the date due until paid.

## XI.  EIGHTH CLAIM FOR RELIEF: MILLER ACT PAYMENT BOND CLAIM – UNITED STATES OF AMERICA *ex rel* MOWAT CONSTRUCTION COMPANY vs. WESTCHESTER FIRE INSURANCE COMPANY

11.1     The allegations in paragraphs 1.1 through 10.5 are incorporated herein by reference.

11.2     In connection with Project and as required by 40 U.S.C. § 3131 *et seq.*, Dorena, as principal, and Westchester, as surety, posted a Payment Bond (Bond No. 9000-0045) in the penal sum of $4 Million (the "Payment Bond"), a copy of which is attached hereto as **Exhibit A**.  The Payment Bond was posted for the benefit of those having a direct relationship with Dorena or a subcontractor of Dorena for furnishing labor, material or both in prosecution of the work on the Project.

11.3     Having supplied labor and materials to the Project pursuant to the Contract with Dorena, Mowat is entitled to bring this action in the name of the United States against Westchester on the Payment Bond pursuant to 40 U.S.C. § 3133.  Mowat has not been paid in full and more than 90 days have elapsed since Mowat last performed labor or furnished materials to the Project.

11.4     Pursuant to 40 U.S.C. § 3133, Mowat is entitled to recover from Westchester on the Payment Bond the unpaid amounts due and owing, together with accrued and accruing interest at the highest statutory or Contract rate, plus its reasonable attorney fees and costs.

SECOND AMENDED COMPLAINT – 10
137591.1 (#101016.5)

## XII. <u>DAMAGES</u>

12.1     The allegations in paragraphs 1.1 through 11.4 are incorporated herein by reference.

12.2     As a direct and proximate result of Dorena's actions as set forth herein, Mowat has been damaged in an amount to be proven at trial, but which is not less than $7,109,200.20. The reasonably estimated amount exceeds the amount in controversy requirement under 28 U.S.C. § 1332.

12.3     As a direct and proximate result of Dorena's failure to promptly pay for billings under the construction Contract, Mowat has been damaged and is entitled to statutory interest at the rate of one and one-half percent per month or fraction of a month, plus costs and reasonable attorney fees.

## XIII. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Mowat prays for judgment as follows:

1.1     For judgment against Dorena in an amount to be proven at time of trial.

1.2     For judgment against Westchester on the Payment Bond in an amount to be proven at time of trial.

1.3     For interest, costs and attorney's fees pursuant to statute, contract, and/or equitable principles.

1.4     For such other relief as the Court deems just and equitable.

DATED this 11th day of June, 2014.

STEWART SOKOL & GRAY LLC

By: /s/ John Spencer Stewart
    John Spencer Stewart, OSB #711648
    jstewart@lawssg.com
    2300 SW First Avenue, Suite 200
    Portland, Oregon 97201-5047
    Telephone: (503) 221-0699
    Facsimile: (503) 419-0281

    John P. Ahlers, OSB #075889
    jahlers@ac-lawyers.com
    AHLERS & CRESSMAN, PLLC
    999 Third Avenue, Suite 3800
    Seattle, Washington 98104-4023
    Telephone: (206) 287-9900
    Facsimile: (206) 287-9902

Attorneys for Plaintiff Mowat Construction Company

SECOND AMENDED COMPLAINT – 12
137591.1 (#101016.5)

envelope.shipping





SIVERIO KUCCH

ACE
436 WALNUT ST
WA01M
PHILADELPHIA PA 19106
REF: 22680

DEPT: CLAIMS



FedEx
Express

E

TRK#
0201  6002 7375 8951

MON - 16 JUN AA
STANDARD OVERNIGHT

SF BBXA

19106
PA-US PHL

RT 193   1   C
FZ            8951
              06.16



EXHIBIT F

**MARCUS EYTH, OSB #091041**
marcuseyth@dwt.com
**DEREK D. GREEN, OSB #042960**
derekgreen@dwt.com
**BLAKE J. ROBINSON, OSB #084543**
derekgreen@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**JOHN THEISS,** *admitted pro hac vice*
johntheiss@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA  98101
Telephone:  (206) 757-8154
Facsimile:  (206) 757-7154

Attorneys for Defendants Dorena Hydro, LLC and
Defendant Westchester Fire Insurance Company

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **MOWAT CONSTRUCTION COMPANY,** a Washington corporation,<br><br>                                    Plaintiff,<br><br>       v.<br><br>**DORENA HYDRO, LLC,** an Oregon limited liability company; **WESTCHESTER FIRE INSURANCE COMPANY**, a Pennsylvania surety company,<br><br>                                    Defendants,<br><br>       and<br><br>**LIBERTY MUTUAL INSURANCE COMPANY,**<br><br>                          Counterclaim Defendant. | Case No. 6:14-CV-00094-AA<br><br>**DECLARATION OF MARCUS EYTH IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND THIRD PARTY PLAINTIFF** |

Page 1 – DECLARATION OF MARCUS EYTH IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS
DWT 28180414v2 0097353-000003

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**DORENA HYDRO, LLC,** an Oregon limited
liability company,

Third Party Plaintiff,

v.

**HYRDOTECH ENGINEERING, LLC,** a
Utah limited liability company, **DONGFANG
ELECTRIC COMPANY,** a Chinese company,
and **DONFENG ELECTRIC MACHINERY
CO., LTD,** a Chinese company

Third Party Defendants.

I, Marcus Eyth, declare under penalty of perjury:

1.      I am the attorney of record for Defendants Dorena Hydro, LLC ("Dorena") and

Westchester Fire Insurance Company ("Westchester") in this action.  I make this Declaration

based on my personal knowledge and, if required, could testify to the facts herein.  I make this

Declaration in Support of my Motion to Withdraw as Attorney of Record.

2.      I am a partner at Davis Wright Tremaine LLP and one of the lead attorneys in this

case.

3.      In approximately January of 2014, our firm was engaged by Dorena Hydro, LLC

to (a) defend claims against it brought in a lawsuit by the Plaintiff and to pursue counterclaims

against the Plaintiff; and (2) to defend Westchester Fire Insurance Company against the same

claims brought by Plaintiff against the surety bond posted by Westchester.

4.      Davis Wright Tremaine LLP seeks to withdraw as counsel for Dorena and

Westchester as permitted by the Oregon Rules of Professional Conduct ("RPC") § 1.16.

5.      Davis Wright Tremaine has given Dorena and Westchester advance notice of its

intent to withdraw as counsel in this litigation for reasons specified in RPC §1.16.

Page 2 – DECLARATION OF MARCUS EYTH IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR
DEFENDANTS
DWT 28180414v2 0097353-000003                        DAVIS WRIGHT TREMAINE LLP
                                                     1300 S.W. Fifth Avenue, Suite 2400
                                                     Portland, Oregon  97201-5610
                                          (503) 241-2300 main · (503) 778-5299 fax

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on the 27th day of October 2015, in Portland, Oregon.*

DATED this 27th day of October 2015.

**DAVIS WRIGHT TREMAINE LLP**

By /s/ Marcus Eyth
    Marcus Eyth, OSB #091041
    **DAVIS WRIGHT TREMAINE LLP**
    1300 S.W. Fifth Avenue, Suite 2400
    Portland, Oregon  97201-5610
    Telephone:  (503) 241-2300
    Facsimile:  (503) 778-5299
    Email:  marcuseyth@dwt.com

    John Theiss, *admitted pro hac vice*
    **DAVIS WRIGHT TREMAINE LLP**
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101
    Telephone:  (206) 757-8154
    Facsimile:  (206) 757-7154
    Email:  johntheiss@dwt.com

    Attorneys for Defendant and Third Party Plaintiff
    Dorena Hydro, LLC and Defendant Westchester Fire
    Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing original **DECLARATION OF MARCUS EYTH IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND THIRD PARTY PLAINTIFF** on:

John P. Ahlers
jahlers@ac-lawyers.com
James R. Lynch
jlynch@ac-lawyers.com
Ahlers & Cressman PLLC
999 Third Avenue, Suite 3800
Seattle, WA 98104

*Attorneys for Mowat Construction Company*

John Spencer Stewart
jstewart@lawssl.com
Stewart Sokol & Larkin LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201

*Attorney for Mowat Construction Company*

☑ by electronically filing said pleading with the Court using the CM/ECF system, which will send notification of such filing on the date set forth below.

DATED this ___27th___ day of October, 2015.

**DAVIS WRIGHT TREMAINE LLP**

By /s/ Marcus Eyth
 Marcus Eyth, OSB #091041
 Derek D. Green, OSB #042960
 **DAVIS WRIGHT TREMAINE LLP**
 1300 S.W. Fifth Avenue, Suite 2400
 Portland, Oregon  97201-5610
 Telephone:  (503) 241-2300
 Facsimile:  (503) 778-5299
 Email:  marcuseyth@dwt.com
 Email:  derekgreen@dwt.com

 John Theiss, *admitted pro hac vice*
 **DAVIS WRIGHT TREMAINE LLP**
 1201 Third Avenue, Suite 2200
 Seattle, WA  98101
 Telephone:  (206) 757-8154
 Facsimile:  (206) 757-7154
 Email:  johntheiss@dwt.com

 Attorneys for Defendant Dorena Hydro, LLC and
 Defendant Westchester Fire Insurance Company

Page 4 – DECLARATION OF MARCUS EYTH IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS
DWT 28180414v2 0097353-000003

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

EXHIBIT G

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MOWAT CONSTRUCTION COMPANY,** a Washington corporation, | Case No. 6:14-CV-00094-AA |
| Plaintiff, | |
| v. | **AMENDED STIPULATED SCHEDULING REPORT** |
| **DORENA HYDRO, LLC,** an Oregon limited liability company; **WESTCHESTER FIRE INSURANCE COMPANY**, a Pennsylvania surety company, | |
| Defendants, | |
| and | |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | |
| Counterclaim Defendant. | |
| **DORENA HYDRO, LLC,** an Oregon limited liability company, | |
| Third-Party Plaintiff, | |
| v. | |
| **HYRDOTECH ENGINEERING, LLC,** a Utah limited liability company, **DONGFANG ELECTRIC COMPANY**, a Chinese company, and **DONFENG ELECTRIC MACHINERY CO., LTD**, a Chinese company | |
| Third-Party Defendants. | |

Page 1 –AMENDED STIPULATED SCHEDULING REPORT

In accordance with the Court's Order dated September 23, 2015 (Dkt. No. 97), Counsel for Plaintiff Mowat Construction Company ("Mowat") and Counterclaim Defendant Liberty Mutual Insurance Company (John Spencer Stewart) and Counsel for Defendants Dorena Hydro, LLC ("Dorena") and Westchester Fire Insurance Company and Third Party Plaintiff (John Theiss) submit this Stipulated Scheduling Report.   In the Order, Mowat and Dorena were directed to confer and establish the schedule for Phases One and Two of the Trial, and to provide a timeline for third party discovery related to the third party claims of Dorena as against third party Defendants Hydrotech Engineering, LLC ("HTE") and Dongfang Electric Company and Donfeng Electric Machinery Co., Ltd, (collectively, "DEC").

Mowat and Dorena conferred, along with counsel for HTE, by telephone on several occasions, and the attorneys for Mowat, Dorena and HTE met face-to-face in Portland, Oregon on Monday, October 12 to coordinate this submission.   Although Mowat requested a December 2015 setting for Phase One (See, Dkt. No. 85), it is willing to compromise with an early January 2016 setting if available on the Court's calendar.   In summary, as to Phase One and Phase Two of the Trial, Mowat and Dorena are prepared to conduct the Phase One Trial on January 4, 2016 to and including a date as defined in Section II.a below.   As discussed further below, however, Mowat and Dorena believe that a few issues may need to be clarified for the exact length and nature of the Phase One Trial to be established definitively.   Mowat and Dorena still agree that, depending on the clarifications referenced herein, the Phase Two Trial may be in a position to go forward within sixty (60) calendar days of the Court's announcement of the decision on the merits of the Phase One Trial.

I.      **Update on Case Progress and Third Party Claims Discovery.**

Preliminarily, the summonses for Dongfang Electric Company and Dongfang Electric Machinery Co. have been issued and are in the process of being served through the Hague Convention in China, the headquarters for DEC.   The parties are not aware of any counsel appearing for DEC in this matter.   The documents produced between Mowat and Dorena are now

being produced to HTE. That process will be completed this week. Dorena expects that after HTE's receipt and review of the documents, any further depositions could proceed promptly and that HTE will address this issue in its motion referenced below. The parties recognize that there will be a period of time before service is effectuated as against DEC and that although there has been extensive discovery between Mowat, Dorena and non-parties, including the production of documents including vast numbers of email, there will still be additional discovery that will be necessary by the third party defendants.

II.    **Summary of Issues.** The length and nature of Phases One and Two depend on the disposition of a few issues:

a.    *Jury Bench Trial*: Per Docket No. 97, Mowat and Dorena recognize that the Court has reserved consideration of whether Phase One would proceed as a bench or jury trial. Mowat and Dorena estimate that a bench trial could take two weeks, while a jury trial may take several weeks longer.

b.    *HTE and DEC Issues Re: Phase One*: Mowat and Dorena recognize that third party defendants HTE and DEC may not have time to meaningfully participate in the Phase One trial in January 2016. Mowat and Dorena agree that evidence regarding the turbines will be required in the Phase One Trial. Dorena further believes that expert testimony, findings of fact and conclusions of law regarding the manufacturing, storage and installation of the turbines will be required in the Phase One Trial for the court to determine whether the termination for default of Mowat's contract was justified and whether Mowat materially breached the Mowat/Dorena contract; Mowat respectfully disagrees, and the parties will set forth more detail concerning their positions in response to HTE's motion referenced below. Mowat and Dorena understand that HTE has filed a motion with the Court, on the same day as this submission, to allow HTE to participate in the Phase One Trial. Mowat and Dorena will file their own separate responses to HTE's motion. Dorena believes that all parties should be bound by factual and legal determinations regarding the manufacturing, storage and installation of the turbines in just one

proceeding. Mowat respectfully disagrees; the scope of the Phase One Trial is to determine if Mowat materially breached its contract with Dorena, and thus whether the termination for alleged default was proper. Mowat and Dorena agree that the merits of HTE's motion is a matter that may need to be decided by the Court before the procedure, timing and scope of the Phase One Trial can be established.

c.      *Scope of Phase 2:* Mowat and Dorena also anticipate that HTE's motion will clarify the issues sufficiently to determine the procedure, timing and scope of the Phase Two Trial.

DATED this 13th day of October, 2015.

**STEWART SOKOL & LARKIN LLC**

By: /s/ Thomas A. Larkin
    John Spencer Stewart, OSB #711648
    jstewart@lawssl.com
    Thomas A. Larkin, OSB #923623
    tlarkin@lawssl.com
    Tyler J. Storti, OSB #034695
    tstorti@lawssl.com

**AHLERS & CRESSMAN PLLC**

John P. Ahlers, OSB #075889
Email:  jahlers@ac-lawyers.com

*Attorneys for Plaintiff and Counterclaim
Defendant Liberty Mutual Insurance Company*

**DAVIS WRIGHT TREMAINE LLP**

By: /s/ John Theiss
    Marcus W. Eyth, OSB #091041
    marcuseyth@dwt.com
    Derek D. Green, OSB #042960
    derekgreen@dwt.com

    John Theiss, *admitted pro hac vice*
    johntheiss@dwt.com

*Attorneys for Defendants Dorena
Hydro, LLC and Westchester Fire
Insurance Company*

# EXHIBIT H

**MARCUS EYTH, OSB #091041**
marcuseyth@dwt.com
**DEREK D. GREEN, OSB #042960**
derekgreen@dwt.com
**BLAKE J. ROBINSON, OSB #084543**
derekgreen@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**JOHN THEISS,** *admitted pro hac vice*
johntheiss@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA  98101
Telephone:  (206) 757-8154
Facsimile:  (206) 757-7154

Attorneys for Defendants Dorena Hydro, LLC and
Defendant Westchester Fire Insurance Company

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MOWAT CONSTRUCTION COMPANY,** a Washington corporation, | Case No. 6:14-CV-00094-AA |
| Plaintiff, | **MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND THIRD PARTY PLAINTIFF** |
| v. | |
| **DORENA HYDRO, LLC,** an Oregon limited liability company; **WESTCHESTER FIRE INSURANCE COMPANY**, a Pennsylvania surety company, | |
| Defendants, | |
| and | |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | |
| Counterclaim Defendant. | |

DWT 28180084v1 0097353-000003

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**DORENA HYDRO, LLC,** an Oregon limited
liability company,

                      Third Party Plaintiff,

     v.

**HYRDOTECH ENGINEERING, LLC,** a
Utah limited liability company, **DONGFANG
ELECTRIC COMPANY,** a Chinese company,
and **DONFENG ELECTRIC MACHINERY
CO., LTD,** a Chinese company

                      Third Party Defendants.

## I.   RELIEF REQUESTED

Davis Wright Tremaine LLP ("DWT") moves this court for an Order authorizing its
withdrawal as the Attorney of Record for Defendants Dorena Hydro, LLC ("Dorena") and
Defendant Westchester Fire Insurance Company ("Westchester") in the above captioned case.

## II.   STATEMENT OF FACTS

This case is presently at the conclusion of discovery with respect to Plaintiff Mowat
Construction Company and at the beginning of discovery with respect to Third Party Defendant
Hydrotech Engineering.  The other two Third Party Defendants are in the process of being served
and have not yet appeared.  As permitted by the Oregon Rules of Professional Conduct ("RPC")
§ 1.16, Davis Wright Tremaine LLP seeks to withdraw and affirms that withdrawal may be
easily accomplished without any materially adverse impact on Dorena's and Westchester's
interests as this matter is presently more than two months (and possibly longer depending how
the Court rules on the pending motion to sever or extend the discovery deadline) from trial, and
Defendants will have adequate time to obtain new counsel to prepare for trial and/or commence
with discovery activities with respect to the Third Party Defendants.  Davis Wright Tremaine

Page 2 – MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND 3P PLAINTIFF

DAVIS WRIGHT TREMAINE LLP
DWT 28180084v1 0097353-000003      1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

LLP has given Dorena Hydro LLC and Westchester Fire Insurance Company advance warning that its attorneys would withdraw as a result of circumstances specified in RPC §1.16.

### III.    STATEMENT OF THE ISSUE

The following issue is presented for resolution by the Court:  Whether to allow Davis Wright Tremaine LLP to withdraw as Attorney of Record for Defendants.

### IV.    DEFENDANTS' CONTACT INFORMATION

Dorena Hydro LLC:
c/o Aquila Infrastructure Management Inc.
Attn:  Alina Osorio
55 University Avenue, Suite 201
Toronto, Ontario M5J 2H7
T: (416) 340-1937
F: (416) 340-1022
E: infra@aquilainfrastructure.com


Westchester Fire Insurance Company:
c/o ACE North American Claims
Attn: Melissa M. Detrick
Claims Specialist – Surety
PO Box 5108
Scranton, PA 18505-0525
T: (215) 640-4258
F: (866) 635-5687
E: Melissa.detrick@acegroup.com


//

//

//

//

//

//

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax
DWT 28180084v1 0097353-000003

## V.    EVIDENCE RELIED UPON

This motion is based on the attached Declaration of Defendants' counsel, Marcus Eyth.

DATED this 27th day of October 2015.

**DAVIS WRIGHT TREMAINE LLP**

By /s/ Marcus Eyth
    Marcus Eyth, OSB #091041
    **DAVIS WRIGHT TREMAINE LLP**
    1300 S.W. Fifth Avenue, Suite 2400
    Portland, Oregon  97201-5610
    Telephone:  (503) 241-2300
    Facsimile:  (503) 778-5299
    Email:  marcuseyth@dwt.com

    John Theiss, *admitted pro hac vice*
    **DAVIS WRIGHT TREMAINE LLP**
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101
    Telephone:  (206) 757-8154
    Facsimile:  (206) 757-7154
    Email:  johntheiss@dwt.com

    Attorneys for Defendant/Third Party Plaintiff Dorena
    Hydro, LLC and Defendant Westchester Fire Insurance
    Company

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 28180084v1 0097353-000003

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing original **MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND THIRD PARTY PLAINTIFF** on:

John P. Ahlers
jahlers@ac-lawyers.com
James R. Lynch
jlynch@ac-lawyers.com
Ahlers & Cressman PLLC
999 Third Avenue, Suite 3800
Seattle, WA 98104

*Attorneys for Mowat Construction Company*

John Spencer Stewart
jstewart@lawssl.com
Stewart Sokol & Larkin LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201

*Attorney for Mowat Construction Company*

☑      by electronically filing said pleading with the Court using the CM/ECF system, which will send notification of such filing on the date set forth below.

DATED this ___27th__ day of October, 2015.

**DAVIS WRIGHT TREMAINE LLP**

By /s/ *Marcus Eyth*
   Marcus Eyth, OSB #091041
   Derek D. Green, OSB #042960
   **DAVIS WRIGHT TREMAINE LLP**
   1300 S.W. Fifth Avenue, Suite 2400
   Portland, Oregon  97201-5610
   Telephone:  (503) 241-2300
   Facsimile:  (503) 778-5299
   Email:  marcuseyth@dwt.com
   Email:  derekgreen@dwt.com

   John Theiss, *admitted pro hac vice*
   **DAVIS WRIGHT TREMAINE LLP**
   1201 Third Avenue, Suite 2200
   Seattle, WA  98101
   Telephone:  (206) 757-8154
   Facsimile:  (206) 757-7154
   Email:  johntheiss@dwt.com

   Attorneys for Defendant Dorena Hydro, LLC and
   Defendant Westchester Fire Insurance Company

DWT 28180084v1 0097353-000003

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**MARCUS EYTH, OSB #091041**
marcuseyth@dwt.com
**DEREK D. GREEN, OSB #042960**
derekgreen@dwt.com
**BLAKE J. ROBINSON, OSB #084543**
derekgreen@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**JOHN THEISS,** *admitted pro hac vice*
johntheiss@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA  98101
Telephone:  (206) 757-8154
Facsimile:  (206) 757-7154

Attorneys for Defendants Dorena Hydro, LLC and
Defendant Westchester Fire Insurance Company

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **MOWAT CONSTRUCTION COMPANY,** a Washington corporation, | Case No. 6:14-CV-00094-AA |
| Plaintiff, | **DECLARATION OF MARCUS EYTH IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND THIRD PARTY PLAINTIFF** |
| v. | |
| **DORENA HYDRO, LLC,** an Oregon limited liability company; **WESTCHESTER FIRE INSURANCE COMPANY**, a Pennsylvania surety company, | |
| Defendants, | |
| and | |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | |
| Counterclaim Defendant. | |

**DORENA HYDRO, LLC,** an Oregon limited
liability company,

                              Third Party Plaintiff,

    v.

**HYRDOTECH ENGINEERING, LLC,** a
Utah limited liability company, **DONGFANG
ELECTRIC COMPANY**, a Chinese company,
and **DONFENG ELECTRIC MACHINERY
CO., LTD**, a Chinese company

                              Third Party Defendants.

I, Marcus Eyth, declare under penalty of perjury:

1.      I am the attorney of record for Defendants Dorena Hydro, LLC ("Dorena") and Westchester Fire Insurance Company ("Westchester") in this action.  I make this Declaration based on my personal knowledge and, if required, could testify to the facts herein.  I make this Declaration in Support of my Motion to Withdraw as Attorney of Record.

2.      I am a partner at Davis Wright Tremaine LLP and one of the lead attorneys in this case.

3.      In approximately January of 2014, our firm was engaged by Dorena Hydro, LLC to (a) defend claims against it brought in a lawsuit by the Plaintiff and to pursue counterclaims against the Plaintiff; and (2) to defend Westchester Fire Insurance Company against the same claims brought by Plaintiff against the surety bond posted by Westchester.

4.      Davis Wright Tremaine LLP seeks to withdraw as counsel for Dorena and Westchester as permitted by the Oregon Rules of Professional Conduct ("RPC") § 1.16.

5.      Davis Wright Tremaine has given Dorena and Westchester advance notice of its intent to withdraw as counsel in this litigation for reasons specified in RPC §1.16.

DWT 28180414v2 0097353-000003          DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main • (503) 778-5299 fax

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on the 27th day of October 2015, in Portland, Oregon.*

DATED this 27th day of October 2015.

**DAVIS WRIGHT TREMAINE LLP**

By /s/ Marcus Eyth
    Marcus Eyth, OSB #091041
    **DAVIS WRIGHT TREMAINE LLP**
    1300 S.W. Fifth Avenue, Suite 2400
    Portland, Oregon  97201-5610
    Telephone:  (503) 241-2300
    Facsimile:  (503) 778-5299
    Email:  marcuseyth@dwt.com

    John Theiss, *admitted pro hac vice*
    **DAVIS WRIGHT TREMAINE LLP**
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101
    Telephone:  (206) 757-8154
    Facsimile:  (206) 757-7154
    Email:  johntheiss@dwt.com

    Attorneys for Defendant and Third Party Plaintiff
    Dorena Hydro, LLC and Defendant Westchester Fire
    Insurance Company

Page 3 – DECLARATION OF MARCUS EYTH IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR
DEFENDANTS
DWT 28180414v2 0097353-000003
                  DAVIS WRIGHT TREMAINE LLP
                  1300 S.W. Fifth Avenue, Suite 2400
                  Portland, Oregon  97201-5610
                  (503) 241-2300 main · (503) 778-5299 fax

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing original **DECLARATION OF MARCUS EYTH IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND THIRD PARTY PLAINTIFF** on:

John P. Ahlers
jahlers@ac-lawyers.com
James R. Lynch
jlynch@ac-lawyers.com
Ahlers & Cressman PLLC
999 Third Avenue, Suite 3800
Seattle, WA 98104

*Attorneys for Mowat Construction Company*

John Spencer Stewart
jstewart@lawssl.com
Stewart Sokol & Larkin LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201

*Attorney for Mowat Construction Company*

☑   by electronically filing said pleading with the Court using the CM/ECF system, which will send notification of such filing on the date set forth below.

DATED this ___27th___ day of October, 2015.

**DAVIS WRIGHT TREMAINE LLP**

By */s/ Marcus Eyth*_____
Marcus Eyth, OSB #091041
Derek D. Green, OSB #042960
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
Email: marcuseyth@dwt.com
Email: derekgreen@dwt.com

John Theiss, *admitted pro hac vice*
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 757-8154
Facsimile: (206) 757-7154
Email: johntheiss@dwt.com

Attorneys for Defendant Dorena Hydro, LLC and
Defendant Westchester Fire Insurance Company

**MARCUS EYTH, OSB #091041**
marcuseyth@dwt.com
**DEREK D. GREEN, OSB #042960**
derekgreen@dwt.com
**BLAKE J. ROBINSON, OSB #084543**
derekgreen@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**JOHN THEISS,** *admitted pro hac vice*
johntheiss@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA  98101
Telephone:  (206) 757-8154
Facsimile:  (206) 757-7154

Attorneys for Defendants Dorena Hydro, LLC and
Defendant Westchester Fire Insurance Company

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **MOWAT CONSTRUCTION COMPANY,** a Washington corporation, | Case No. 6:14-CV-00094-AA |
| Plaintiff, | **[PROPOSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND THIRD PARTY PLAINTIFF** |
| v. | |
| **DORENA HYDRO, LLC,** an Oregon limited liability company; **WESTCHESTER FIRE INSURANCE COMPANY**, a Pennsylvania surety company, | |
| Defendants, | |
| and | |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | |
| Counterclaim Defendant. | |

Page 1 – [PROPOSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS

DWT 28180637v1 0097353-000003
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**DORENA HYDRO, LLC,** an Oregon limited
liability company,

                Third Party Plaintiff,

    v.

**HYRDOTECH ENGINEERING, LLC,** a
Utah limited liability company, **DONGFANG
ELECTRIC COMPANY**, a Chinese company,
and **DONFENG ELECTRIC MACHINERY
CO., LTD**, a Chinese company

                Third Party Defendants.

      The Court having considered the Motion to Withdraw filed by Davis Wright Tremaine

LLP, and good cause appearing therefore, IT IS HEREBY ORDERED that the Motion to

Withdraw is hereby GRANTED and the law firm of Davis Wright Tremaine LLP and the

attorneys working on this matter are allowed to withdraw as counsel for Defendants Dorena

Hydro, LLC and Westchester Fire Insurance Company, and are relieved of any further

responsibility in this matter.  Parties are directed to serve all future pleadings and papers on:

| | |
|---|---|
| Dorena Hydro LLC: | Westchester Fire Insurance Company: |
| c/o Aquila Infrastructure Management Inc. | c/o ACE North American Claims |
| Attn:  Alina Osorio | Attn: Melissa M. Detrick |
| 55 University Avenue, Suite 201 | Claims Specialist – Surety |
| Toronto, Ontario M5J 2H7 | PO Box 5108 |
| T: (416) 340-1937 | Scranton, PA 18505-0525 |
| F: (416) 340-1022 | T: (215) 640-4258 |
| E: infra@aquilainfrastructure.com | F: (866) 635-5687 |
| | E: Melissa.detrick@acegroup.com |

      IT IS SO ORDERED.

      DATED this _____ day of October 2015.

                                          _____
                                          Hon. Ann Aiken
                                          United States District Judge

DWT 28180637v1 0097353-000003
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing original **[PROPOSED]**

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

**AND THIRD PARTY PLAINTIFF** on:

| | |
|---|---|
| John P. Ahlers | John Spencer Stewart |
| jahlers@ac-lawyers.com | jstewart@lawssl.com |
| James R. Lynch | Stewart Sokol & Larkin LLC |
| jlynch@ac-lawyers.com | 2300 SW First Avenue, Suite 200 |
| Ahlers & Cressman PLLC | Portland, OR 97201 |
| 999 Third Avenue, Suite 3800 | |
| Seattle, WA 98104 | *Attorney for Mowat Construction Company* |

*Attorneys for Mowat Construction Company*

☑    by electronically filing said pleading with the Court using the CM/ECF system, which will send notification of such filing on the date set forth below.

DATED this __27th__ day of October, 2015.

**DAVIS WRIGHT TREMAINE LLP**


By /s/ *Marcus Eyth*
    Marcus Eyth, OSB #091041
    Derek D. Green, OSB #042960
    **DAVIS WRIGHT TREMAINE LLP**
    1300 S.W. Fifth Avenue, Suite 2400
    Portland, Oregon 97201-5610
    Telephone: (503) 241-2300
    Facsimile: (503) 778-5299
    Email: marcuseyth@dwt.com
    Email: derekgreen@dwt.com

    John Theiss, *admitted pro hac vice*
    **DAVIS WRIGHT TREMAINE LLP**
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101
    Telephone: (206) 757-8154
    Facsimile: (206) 757-7154
    Email: johntheiss@dwt.com

    Attorneys for Defendant Dorena Hydro, LLC and
    Defendant Westchester Fire Insurance Company

DWT 28180637v1 0097353-000003
           DAVIS WRIGHT TREMAINE LLP
           1300 S.W. Fifth Avenue, Suite 2400
           Portland, Oregon 97201-5610
           (503) 241-2300 main · (503) 778-5299 fax

# EXHIBIT I

| 10/30/2015 | 110 | **ORDER:** Defendants/Third Party Plaintiff's motion to withdraw as counsel 105 is granted pursuant to the Oregon Rules of Professional Conduct, Rule 1.6. The Third-Party Motion to Sever ( 101 , response filed 10/28/15, 106 , any reply due Nov. 16, 2015) will be considered and ruled on by the court without oral argument. Defendants have twenty (20) days from the date of the Order granting their attorneys' withdrawal to obtain and notify the court of new counsel, otherwise the court will assume defendant is proceeding pro se. Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 10/30/2015) |

EXHIBIT J

G. Kevin Kiely, OSB No. 833950
gkkiely@cablehuston.com
Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole M. Swift, OSB No. 141419
nswift@cablehuston.com
CABLE HUSTON LLP
1001 SW Fifth Avenue, Suite 2000
Portland, OR  97204-1136
(503) 224-3092 Telephone
(503) 224-3176 Facsimile

*Attorneys for Defendant Westchester Fire Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MOWAT CONSTRUCTION COMPANY,** a Washington corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>**DORENA HYDRO, LLC,** an Oregon limited liability company**; and WESTCHESTER FIRE INSURANCE COMPANY,** a Pennsylvania surety company,<br><br>              Defendants,<br><br>     and<br><br>**LIBERTY MUTUAL INSURANCE COMPANY,**<br><br>              Counterclaim Defendant. | Civil Case No. 6:14-cv-00094-AA<br><br>**NOTICE OF APPEARANCE OF ATTORNEY**<br><br>By Defendant Westchester Fire Insurance Company |

Page 1 – NOTICE OF APPEARANCE OF ATTORNEY

**DORENA HYDRO, LLC,** an Oregon limited
liability company,

        Third-Party Plaintiff,

**HYDROTECH ENGINEERING, LLC,** a
Utah limited liability company; **DONGFANG
ELECTRIC COMPANY,** a Chinese
company; and **DONFENG ELECTRIC
MACHINERY CO., LTD,** a Chinese
company,

        Third-Party Defendants.

Pursuant to LR 83.9, please take notice that G. Kevin Kiely of Cable Huston LLP appears

in the above-captioned action as lead attorney of record for Defendant Westchester Fire

Insurance Company.  Please serve copies of all further pleadings, papers (except original

process), future notices, and orders filed or served in this action on the undersigned at the

following address:

        G. Kevin Kiely, OSB No. 833950
        gkkiely@cablehuston.com
        CABLE HUSTON LLP
        1001 SW Fifth Avenue, Suite 2000
        Portland, Oregon, 97204-1136
        Tel:    (503) 224-3092
        Fax:   (503) 224-3176

        DATED:  November 20, 2015.

                CABLE HUSTON LLP

                By: s/ G. Kevin Kiely
                   G. Kevin Kiely, OSB No. 833950
                   gkkiely@cablehuston.com
                   Jon W. Monson, OSB No. 102650
                   jmonson@cablehuston.com
                   Nicole M. Swift, OSB No. 141419
                   nswift@cablehuston.com
                   *Attorneys for Defendant Westchester Fire
                   Company*

Page 2 – NOTICE OF APPEARANCE OF ATTORNEY

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **NOTICE OF APPEARANCE OF ATTORNEY** with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

DATED:  November 20, 2015.

By: s/ G. Kevin Kiely
     G. Kevin Kiely, OSB No. 833950
     gkkiely@cablehuston.com
     Jon W. Monson, OSB No. 102650
     jmonson@cablehuston.com
     Nicole M. Swift, OSB No. 141419
     nswift@cablehuston.com

     *Attorneys for Defendant Westchester Fire*
     *Insurance Company*

30212.001\4844-8734-6987.v1

EXHIBIT K

R. Gibson Masters, OSB # 051560
Email: Gibson.Masters@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97258
Tel.: (503) 228-3200
Fax: (503) 248-9085

*Attorney for Defendant Dorena Hydro, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MOWAT CONSTRUCTION COMPANY,** a Washington corporation,<br><br>       Plaintiff,<br>  v.<br><br>**DORENA HYDRO, LLC,** an Oregon limited liability company; and **WESTCHESTER FIRE INSURANCE COMPANY,** a Pennsylvania surety company,<br><br>      Defendants,<br><br>  and<br><br>**LIBERTY MUTUAL INSURANCE COMPANY,**<br><br>      Counterclaim Defendant. | Case No. 6:14-cv-00094-AA<br><br>**NOTICE OF APPEARANCE OF ATTORNEY** |

PAGE 1 – NOTICE OF APPEARANCE OF ATTORNEY

**DORENA HYDRO, LLC,** an Oregon limited
liability company,

                Third-Party Plaintiff,

**HYDROTECH ENGINEERING, LLC,** a Utah
limited liability company; **DONGFANG
ELECTRIC COMPANY**, a Chinese company; and
**DONFENG ELECTRIC MACHINERY CO.,
LTD**, a Chinese company,

                Third-Party Defendants.

Pursuant to LR 83.9, please take notice that R. Gibson Masters of K&L Gates LLP

appears in the above-captioned action as lead attorney of record for Defendant Dorena Hydro,

LLC. Please serve copies of all further pleadings, papers (except original process), future notices,

and orders filed or served in this action on the undersigned at the following address:

      R. Gibson Masters
      K&L Gates LLP
      One SW Columbia Street, Suite 1900
      Portland, OR  97258
      Direct Dial: (503) 226-5776
      Email: Gibson.Masters@klgates.com

Dated this 20th day of November, 2015.

                K&L GATES LLP

              By:  *s/Gibson Masters*
                R. Gibson Masters, OSB # 051560 (lead attorney)
                Email: Gibson.Masters@klgates.com
                K&L GATES LLP
                One SW Columbia Street, Suite 1900
                Portland, OR 97258
                Tel.: (503) 228-3200
                Fax: (503) 248-9085
                *Attorney for Defendant Dorena Hydro, LLC*

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR  97258
TELEPHONE: (503) 228-3200

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served a true and correct copy of the

foregoing **NOTICE OF APPEARANCE OF ATTORNEY** with the clerk of the Court using

the CM/ECF system, which will send notification of such filing to all parties of record.

Dated this 20th day of November, 2015.

*s/Gibson Masters*
R. Gibson Masters, OSB #051560

*Attorney for Defendant Dorena Hydro, LLC*

PAGE 3 – CERTIFICATE OF SERVICE

# EXHIBIT L

**Chiesa
Shahinian &
Giantomasi** PC

**MARC R. LEPELSTAT**
One Boland Drive
West Orange, NJ 07052
973.530.2087
Fax: 973.530.2287
mlepelstat@csglaw.com

csglaw.com

November 12, 2015

<u>**Via Federal Express Overnight Delivery**</u>

Mr. Peter Clermont
Director of Finance
Infrastructure Coalition LP
55 University Avenue, Suite 201
Toronto, Ontario M5J 2H7

Alina Osorio
President and CEO
Aquila Infrastructure
55 University Avenue, Suite 201
Toronto, Ontario M5J 2H7

|  |  |  |
|---|---|---|
| Re: | Surety: | **Westchester Fire Insurance Company** |
|  | Principal: | **Dorena Hydro, LLC** |
|  | Obligee: | **Mowat Construction Company** |
|  | Project: | **Dorena Hydroelectric Project** |
|  | Contract No.: | **Project 11945 Sub-agr** |

Dear Mr. Clermont and Ms. Osorio:

We represent Westchester Fire Insurance Company ("Westchester") in relation to the above-referenced bond.

As you know, Infrastructure Coalition LP ("ICLP"), as Indemnitor, executed an Agreement of Indemnity (the "Indemnity Agreement") in favor of Westchester and other companies, as Surety, in connection with any surety bonds that the Surety executes on behalf of ICLP or any of ICLP's subsidiaries or affiliates.

On or about January 8, 2014, Westchester, as Surety, issued a Payment Bond on behalf of Dorena Hydro, LLC ("Dorena"), as Principal, in connection with the Dorena Hydroelectric Project, located at Dorena Dam, in Lane County, Oregon. (the "Bond"). Dorena is subsidiary of ICLP. The penal sum of the Bond is $4,000,000.00.

The Indemnity Agreement, a copy of which is enclosed for your reference, provides the following, in relevant part:

2.    **INDEMNITY & COLLATERAL FOR CLAIM:** The INDEMNITOR shall indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by the SURETY in any action or proceeding between the

WEST ORANGE NEW JERSEY          TRENTON NEW JERSEY          NEW YORK NEW YORK

November 12, 2015
Page 2

INDEMNITOR and the SURETY, or between the SURETY and any third party, which SURETY shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the SURETY as a joint or several obligor and whether the INDEMNITOR is then liable to make such payment, and to place the SURETY in funds to meet all of its liability under any Bond, promptly upon request and before the SURETY may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the SURETY of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of the INDEMNITOR'S liability to the SURETY under this Agreement. Any demand upon the SURETY by the Obligee shall be sufficient to conclude that a liability exists and the INDEMNITOR shall then place the SURETY with sufficient funds in a form and amount deemed acceptable in the SURETY'S sole discretion, as collateral security to cover the liability.

As you are further aware, a lawsuit was filed by Mowat Construction Company ("Mowat") against Westchester under the Bond in the United States District Court, District of Oregon, in an action captioned: <u>Mowat Construction Company, United States of America for the use and benefit of Mowat Construction Company v. Dorena Hydro, LLC, Westchester Fire Insurance Company</u>, Civil Action No. 6:14-cv-00094-AA) (the "Action"). In its Second Amended Complaint, Mowat seeks to recover the sum of least $7,109,200.20 in damages, together with interest, costs and attorney's fees.

Without admitting any liability, Westchester has made a preliminary determination that it is exposed to potential losses of up to $4,000,000.00 (not including expenses) in connection with the Action. Further, Westchester has made a preliminary estimate that the amount of expenses that it is likely to incur in the defense of the Action, including attorneys' fees and consulting fees, will likely be in the sum of at least $200,000.00.

Based on the foregoing, Westchester has determined that its exposure for potential losses as a result of the Action may exceed the sum of $4,200,000.00. Accordingly, pursuant to Paragraph 2 of the Indemnity Agreement, Westchester demands that Infrastructure Coalition LP deposit with it the sum total of $4,200,000.00 within ten days of the date of this letter to provide Westchester with some protection against potential losses with respect to the Action.

Westchester continues to reserve all rights and defenses in connection with this matter and nothing herein should be construed as an admission of any facts or waiver of any claims or defenses.

November 12, 2015
Page 3

Very truly yours,

Marc R. Lepelstat

Enclosure

Agreement of Indemnity

ACE INA Insurance
Insurance Company of North America
Pacific Employers Insurance Company
Westchester Fire Insurance Company
Indemnity Insurance Company of North America
ACE American Insurance Company
ACE Property and Casualty Insurance Company

Whereas the undersigned, Infrastructure Coalition LP, by its general partner, Aquila GP Inc.(hereinafter called "INDEMNITOR") desires one or more of the companies named above, as the case may be, (hereinafter called "SURETY") to execute bonds including undertakings and other obligations, including any bond or bonds predating this Agreement, (hereinafter referred to as "Bonds") and any of its present or future, directly or indirectly owned or controlled subsidiaries or affiliates, whether alone or in joint venture with others whether or not named herein, and any corporation, partnership or person upon the written request of the undersigned (collectively the hereinafter referred to as "Principal") or to renew or continue and to refrain from canceling the Bonds, as the case may be, and

NOW THEREFORE, in consideration of the SURETY executing the Bonds, the INDEMNITOR agree that:

1. **PREMIUMS & COLLATERAL FOR SURETYSHIP**-The INDEMNITOR shall pay or cause to be paid to the SURETY both the agreed premium and, upon written request by the SURETY at any time, collateral security for its suretyship until the INDEMNITOR shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond. The INDEMNITOR expressly waives any right to interest which may be earned on the collateral security and further consents that the collateral security provided in consideration of suretyship may be held by the SURETY in any investment or depository that the SURETY in its sole discretion deems advisable and prudent. The Surety's election not to demand collateral at the inception of the suretyship obligation shall not operate as a waiver of the right to demand and receive such collateral at any time before liability has terminated under any Bond.

2. **INDEMNITY & COLLATERAL FOR CLAIM**- The INDEMNITOR shall indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses, including without limitation, fees and disbursements of counsel incurred by the SURETY in any action or proceeding between the INDEMNITOR and the SURETY, or between the SURETY and any third party, which SURETY shall at any time incur by reason of its execution of any Bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the SURETY as a joint or several obligor and whether the INDEMNITOR is then liable to make such payment, and to place the SURETY in funds to meet all of its liability under any Bond, promptly upon request and before the SURETY may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the SURETY of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of INDEMNITOR'S liability to the SURETY under this Agreement. Any demand upon the SURETY by the Obligee shall be sufficient to conclude that a liability exists and the INDEMNITOR shall then place the SURETY with sufficient funds in a form and amount deemed acceptable in the SURETY'S sole discretion, as collateral security to cover the liability.

3. **OTHER INDEMNITY**- The INDEMNITOR shall continue to remain bound under the terms of this Agreement even though the SURETY may have heretofore or hereafter, with or without notice to or knowledge of the Principal and the INDEMNITOR, accepted or released other agreements of indemnity or collateral in connection with the execution or procurement of said Bonds, from the principals or INDEMNITOR or others. The rights, powers and remedies given the SURETY under this Agreement shall be and are in addition to and not in lieu of, any and all other rights, powers and remedies which the SURETY may have or acquire against the Principal and INDEMNITOR or others, whether by the terms of any agreement or by operation of law or otherwise.

4. **REPRESENTATIONS** – The INDEMNITOR is a limited liability partnership formed under the laws of the Province of Manitoba and its only general partner is Aquila GP Inc. Aquila GP Inc., in its capacity as general partner, has the corporate power to enter into and perform its obligations, in its capacity as general partner of the INDEMNITOR, under this Agreement. The execution and delivery by Aquila GP Inc., in its capacity as general partner of the INDEMNITOR, of this Agreement does not conflict with or result in a breach of any of the terms or conditions of its constating documents or by-laws or the Limited Partnership Agreement dated as of September 30, 2011 (and any amendments thereto) in respect the INDEMNITOR.

5. **INVALIDITY**- In case the execution hereof by the INDEMNITOR be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this Agreement or the liability hereunder of the INDEMNITOR and the INDEMNITOR shall be and remain full bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed.

6. **SURETIES** - All of the terms, provisions and conditions of this Agreement shall be extended to and for the benefit not only of the SURETY, either as a direct writing company or as a co-surety or reinsurer, but also for the benefit of any surety or insurance company or companies with which the SURETY may participate as a co-surety or reinsurer and also for the benefit of any other company which may execute any bond or bonds at the request of the SURETY on behalf of any of the Principal.

7. DECLINE EXECUTION    less otherwise specifically agreed in writing, the SUR     may decline to execute any bond and the Principal and INDEMNITOR shall make no claim to the contrary.

8. CHANGES, WAIVER OF NOTICE - The SURETY is authorized and empowered, without notice to or knowledge of the INDEMNITOR, to assent to any change whatsoever in Bonds and/or the contracts or obligations covered by any said Bonds including but not limited to the time for performance and any continuations, extensions or renewals of the Bonds, the execution of any substitute or substitutes therefore, with the same or different conditions, provisions and obligees with the same or larger or smaller penalties; it being expressly understood and agreed that the INDEMNITOR shall remain bound under the terms of this Agreement even though any such assent by the SURETY does or might substantially increase the liability of the INDEMNITOR. The INDEMNITOR waives notice of the execution of Bonds, acceptance of this Agreement, default or other acts giving rise to a bond claim or liability of the SURETY under Bonds.

9. TERMINATION - This Agreement may be terminated by the INDEMNITOR upon twenty days' written notice sent by registered mail to the SURETY at its home office at ACE INA Insurance 1400 – 25 York Street, Toronto, Ontario M5J 2V5, but any such notice of termination shall not operate to modify, bar or discharge the INDEMNITOR as to the Bonds that may have been therefore executed.

10. SEVERABILITY - If any provision or provisions of this Agreement be declared void or unenforceable under any law governing its construction or enforcement, this Agreement shall not be void or vitiated thereby, but shall be construed and enforced with the same effect as though such provision or provisions were omitted.

11. CHOICE OF LAW/FORUM - It is mutually agreed that this Agreement is deemed made in the State of New York, regardless of the order in which the signatures of the parties shall have been affixed and shall be interpreted, and the rights and liabilities of the parties determined in accordance with the laws of the State of New York. INDEMNITOR agrees that all actions or proceedings arising directly or indirectly from this Agreement shall be litigated only in courts having status within the State of New York, and consents to the personal jurisdiction and venue of any local, state or Federal Court located therein.

12. JOINT/SEVERAL - Each undersigned Indemnitor, its successors and assigns, are jointly and severally bound by the foregoing conditions of this Agreement.

13. FACSIMILE – This Agreement bearing the signature of the Indemnitor(s) shall be valid, effective and enforceable whether received by the Surety as an original or as a facsimile transmission.

IN WITNESS WHEREOF, INDEMNITOR has signed this Agreement this _18th_ day of _March_, 20 _13_.

INFRASTRUCTURE COALITION LP, by its General Partner AQUILA GP INC.

Tax ID: _____

By: _____ (Seal)

Name: _PETER  CLERMONT_

Title: _DIRECTOR_

By: _____ (Seal)

Name: _ALINA  OSORIO_

Title: _DIRECTOR_

CORPORATE ACKNOWLEDGMENT

Province of _____ONTARIO_____

CITY
County of _____TORONTO_____ ss:

On this _18 th_ day of _March_ , 20 _13_ ,before me personally came _PETER CLERMONT_ to me known, who being by me duly sworn, deposed and says that he/she is the _DIRECTOR_ of _AQUILA GP INC._ , the corporation described in and which executed the foregoing Agreement; that he/she knows the seal of the said corporation; that the seal affixed to the said Agreement is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that he/she signed his/ her name thereto by like order.

_____
(Signature of Notary Public)

My commission expires _N/A_

CORPORATE ACKNOWLEDGMENT

Province of _____ONTARIO_____

CITY
County of _____TORONTO_____ ss:

On this _18 th_ day of _March_ , 20 _13_ ,before me personally came _ALINA OSORIO_ to me known, who being by me duly sworn, deposed and says that he/she is the _DIRECTOR_ of _AQUILA GP INC._ , the corporation described in and which executed the foregoing Agreement; that he/she knows the seal of the said corporation; that the seal affixed to the said Agreement is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that he/she signed his/ her name thereto by like order.

_____
(Signature of Notary Public)

My commission expires _N/A_

# EXHIBIT M

PROTECTIVE ORD

# U.S. District Court
## District of Oregon (Eugene (6))
### CIVIL DOCKET FOR CASE # 6:14-cv-00094-AA

Mowat Construction Company v. Dorena Hydro, LLC
Assigned to: Chief Judge Ann L. Aiken
Demand: $2,839,000
Cause: 28:1332 Diversity-Contract Dispute

Date Filed: 01/17/2014
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Contract Actions
Jurisdiction: Diversity

### Plaintiff

**Mowat Construction Company**
*a Washington corporation*

represented by **John P. Ahlers**
Ahlers & Cressman PLLC
999 Third Avenue
Suite 3800
Seattle, WA 98104
206-287-9900
Fax: 206-9902
Email: jahlers@ac-lawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Spencer Stewart**
Stewart Sokol & Larkin LLC
2300 SW First Avenue
Suite 200
Portland, OR 97201-5047
(503) 221-0699
Fax: (503) 223-5706
Email: jstewart@lawssl.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas A. Larkin**
Stewart Sokol & Larkin LLC
2300 S.W. First Avenue, Suite 200
Portland, OR 97201
(503) 221-0699
Fax: (503) 223-5706
Email: tlarkin@lawssl.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler J. Storti**
Stewart Sokol & Larkin, LLC

2300 SW First Avenue
Suite 200
Portland, OR 97201
(503) 221-0699
Fax: (503) 223-5706
Email: tstorti@lawssl.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**United States of America**                    represented by **United States of America**
*for the use and benefit of Mowat*                              PRO SE
*Construction Company*

V.

**Defendant**

**Dorena Hydro, LLC**                           represented by **John C. Theiss**
*an Oregon limited liability company*                          Davis Wright Tremaine, LLP
                                                               1201 Third Avenue, Suite 2200
                                                               Seattle, WA 98101
                                                               (206) 757-8154
                                                               Fax: (206) 757-7154
                                                               Email: johntheiss@dwt.com
                                                               *TERMINATED: 10/30/2015*
                                                               *LEAD ATTORNEY*
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Richard Gibson Masters**
                                                               K&L Gates LLP
                                                               One SW Columbia Street
                                                               Suite 1900
                                                               Portland, OR 97258
                                                               503-226-5799
                                                               Fax: 503-553-6299
                                                               Email: gib.masters@klgates.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Marcus W. Eyth**
                                                               Davis Wright Tremaine, LLP
                                                               1300 SW Fifth Avenue
                                                               Suite 2400
                                                               Portland, OR 97201-5630
                                                               503-778-5324
                                                               Fax: 503-778-5299
                                                               Email: marcuseyth@dwt.com
                                                               *TERMINATED: 10/30/2015*

*ATTORNEY TO BE NOTICED*

**Blake J. Robinson**
Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201
(503) 241-2300
Fax: (503) 778-5229
Email: blakerobinson@dwt.com
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Derek D. Green**
Davis Wright Tremaine, LLP
1300 SW Fifth Avenue
Suite 2400
Portland, OR 97201-5630
(503) 778-5264
Fax: (503) 778-5299
Email: derekgreen@dwt.com
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Westchester Fire Insurance Company**
*a Pennsylvania surety company*

represented by **Derek D. Green**
(See above for address)
*TERMINATED: 10/30/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Kevin Kiely**
Cable Huston Benedict Haagensen & Lloyd
1001 SW Fifth Avenue
Suite 2000
Portland, OR 97204
(503) 224-3092
Fax: (503) 224-3176
Email: gkkiely@cablehuston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcus W. Eyth**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Blake J. Robinson**
(See above for address)

*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**John C. Theiss**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**Hydrotech Engineering, LLC**                 represented by **D. Gary Christensen**
                                               Miller Nash Graham & Dunn LLP
                                               111 SW Fifth Avenue
                                               Suite 3400
                                               Portland, OR 97204
                                               503-205-2435
                                               Fax: 503-224-0155
                                               Email:
                                               gary.christensen@millernash.com
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **John Clarke**
                                               Miller Nash Graham & Dunn LLP
                                               111 SW Fifth Avenue
                                               Suite 3400
                                               Portland, OR 97204
                                               503-205-2312
                                               Fax: 503-224-0155
                                               Email: john.clarke@millernash.com
                                               *ATTORNEY TO BE NOTICED*

                                               **Alexander M. Naito**
                                               Miller Nash Graham & Dunn LLP
                                               111 SW Fifth Avenue
                                               Suite 3400
                                               Portland, OR 97204
                                               503-205-2351
                                               Fax: 503-224-0155
                                               Email: alex.naito@millernash.com
                                               *ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**
**Dongfang Electric Company**

**ThirdParty Defendant**
**Dongfeng Electric Machinery Co., LTD**

**Counter Claimant**

**Dorena Hydro, LLC**
*an Oregon limited liability company*

     represented by **Marcus W. Eyth**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Blake J. Robinson**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Derek D. Green**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**John C. Theiss**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

V.

## Counter Defendant

**Mowat Construction Company**
*a Washington corporation*

     represented by **John P. Ahlers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Spencer Stewart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas A. Larkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler J. Storti**
(See above for address)
*ATTORNEY TO BE NOTICED*

## Counter Claimant

**Dorena Hydro, LLC**
*an Oregon limited liability company*

     represented by **John C. Theiss**
(See above for address)
*TERMINATED: 10/30/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcus W. Eyth**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Blake J. Robinson**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Derek D. Green**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Mowat Construction Company**
*a Washington corporation*

represented by **John P. Ahlers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Spencer Stewart**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas A. Larkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler J. Storti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Dorena Hydro, LLC**
*an Oregon limited liability company*

represented by **John C. Theiss**
(See above for address)
*TERMINATED: 10/30/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcus W. Eyth**
(See above for address)
*TERMINATED: 10/30/2015*

*ATTORNEY TO BE NOTICED*

**Blake J. Robinson**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Derek D. Green**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

V.

**<u>Counter Defendant</u>**

**Liberty Mutual Insurance Company**   represented by   **John P. Ahlers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas A. Larkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tyler J. Storti**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Spencer Stewart**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Counter Claimant</u>**

**Hydrotech Engineering, LLC**   represented by   **D. Gary Christensen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexander M. Naito**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Dorena Hydro, LLC**
*an Oregon limited liability company*

represented by **Marcus W. Eyth**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Blake J. Robinson**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Derek D. Green**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**John C. Theiss**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Dorena Hydro, LLC**
*an Oregon limited liability company*

represented by **John C. Theiss**
(See above for address)
*TERMINATED: 10/30/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marcus W. Eyth**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Blake J. Robinson**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Derek D. Green**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Westchester Fire Insurance Company**
*a Pennsylvania surety company*

represented by **Derek D. Green**
(See above for address)
*TERMINATED: 10/30/2015*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Marcus W. Eyth**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**Blake J. Robinson**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

**John C. Theiss**
(See above for address)
*TERMINATED: 10/30/2015*
*ATTORNEY TO BE NOTICED*

V.

<u>**Counter Defendant**</u>

**Dongfang Electric Company**

<u>**Counter Defendant**</u>

**Dongfeng Electric Machinery Co.,
LTD**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/17/2014 | 1 | Complaint. Filing fee in the amount of $400 collected. Agency Tracking ID: 0979-3552480 Jury Trial Requested: Yes. Filed by Mowat Construction Company against Dorena Hydro, LLC (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons). (Stewart, John) (Entered: 01/17/2014) |
| 01/17/2014 | 2 | Corporate Disclosure Statement . Filed by Mowat Construction Company. (Stewart, John) (Entered: 01/17/2014) |
| 01/21/2014 | 3 | Amended Proposed Summons Filed by Mowat Construction Company. (Stewart, John) (Entered: 01/21/2014) |
| 01/21/2014 | 4 | Notice of Case Assignment to Chief Judge Ann L. Aiken and Discovery and Pretrial Scheduling Order. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** Discovery is to be completed by 5/21/2014. Joint Alternate Dispute Resolution Report is due by 6/20/2014. Pretrial Order is due by 6/20/2014. Ordered by Chief Judge Ann L. Aiken. (ljb) (Entered: 01/21/2014) |
| 01/21/2014 | 6 | Order for Administrative Correction of the Record pursuant to Fed. R. Civ. P. 60(a) regarding Summons Issued 5 . A Clerical error has been discovered in the case record. An Amended Summons had been file and the Clerk erroneously |

|  |  | issued the wrong summons. The Clerk is directed to make the following administrative corrections to the record: the summons issued 5 shall be stricken and the Clerk is directed to issue amended summons 3 . (ljb) (Entered: 01/21/2014) |
|---|---|---|
| 01/21/2014 | 7 | Summons Issued Electronically as to Dorena Hydro, LLC. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (ljb) (Entered: 01/21/2014) |
| 01/31/2014 | 8 | Affidavit of Service upon Dorena Hydro, LLC served on 1/22/2014 Filed by Mowat Construction Company. (Storti, Tyler) (Entered: 01/31/2014) |
| 02/05/2014 | 9 | Amended Complaint . Filed by Mowat Construction Company against Dorena Hydro, LLC. (Stewart, John) (Entered: 02/05/2014) |
| 02/14/2014 | 10 | Acceptance/Acknowledgement of Service of Amended Complaint 9 on Dorena Hydro, LLC served on 2/12/2014 Filed by Mowat Construction Company. (Stewart, John) (Entered: 02/14/2014) |
| 02/26/2014 | 11 | Answer to 9 Amended Complaint with Jury Demand , Counterclaim Mowat Construction Company. Filed by Dorena Hydro, LLC. (Green, Derek) (Entered: 02/26/2014) |
| 02/26/2014 | 12 | Corporate Disclosure Statement . Filed by Dorena Hydro, LLC. (Green, Derek) (Entered: 02/26/2014) |
| 03/03/2014 | 13 | Motion for Leave *to File Over-Length Memorandum*. Filed by Mowat Construction Company. (Stewart, John) (Entered: 03/03/2014) |
| 03/03/2014 | 14 | Memorandum in Support *of Motion for Leave to File Over-Length Memorandum*. Filed by Mowat Construction Company. (Related document(s): Motion for Leave 13 .) (Stewart, John) (Entered: 03/03/2014) |
| 03/05/2014 | 15 | Motion for Leave to Appear Pro Hac Vice *for Attorney John C. Theiss* . Filing fee in the amount of $100 collected; Agency Tracking ID: 0979-3601538. Filed by Dorena Hydro, LLC. (Eyth, Marcus) (Entered: 03/05/2014) |
| 03/06/2014 | 16 | **ORDER:** Granting Motion for Leave to File Over-Length Memorandum 13 . Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 03/06/2014) |
| 03/06/2014 | 17 | Motion for Discovery and/or Inspection *and Entry Upon Property - Expedited*. Oral Argument requested. Filed by Mowat Construction Company. (Stewart, John) (Entered: 03/06/2014) |
| 03/06/2014 | 18 | Memorandum in Support *of Motion for Expedited Discovery and Entry Upon Property*. Filed by Mowat Construction Company. (Related document(s): Motion For Discovery/Inspection 17 .) (Stewart, John) (Entered: 03/06/2014) |
| 03/06/2014 | 19 | Declaration of John Sandstrom . Filed by Mowat Construction Company. (Related document(s): Motion For Discovery/Inspection 17 .) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Stewart, John) (Entered: 03/06/2014) |
| 03/06/2014 | 20 |  |

| | | Declaration of Zachary Adams . Filed by Mowat Construction Company. (Related document(s): Motion For Discovery/Inspection 17 .) (Attachments: # 1 Exhibit A) (Stewart, John) (Entered: 03/06/2014) |
|---|---|---|
| 03/13/2014 | 21 | **ORDER:** Granting Motion for Leave to Appear Pro Hac Vice of John C. Theiss for Dorena Hydro, LLC. Application Fee in amount of $100 collected. Receipt No. 0979-3601538 issued. Signed on 3/12/14 by Chief Judge Ann L. Aiken. (ljb) (Entered: 03/13/2014) |
| 03/24/2014 | 22 | Response to Motion for Discovery and/or Inspection *and Entry Upon Property - Expedited* 17 Oral Argument requested. Filed by Dorena Hydro, LLC. (Green, Derek) (Entered: 03/24/2014) |
| 03/24/2014 | 23 | Declaration of Peter Clermont . Filed by Dorena Hydro, LLC. (Related document(s): Response to Discovery Motion 22 .) (Green, Derek) (Entered: 03/24/2014) |
| 03/24/2014 | 24 | Declaration of Marcus Eyth . Filed by Dorena Hydro, LLC. (Related document(s): Response to Discovery Motion 22 .) (Green, Derek) (Entered: 03/24/2014) |
| 04/07/2014 | 25 | **ORDER:** Plaintiff's motion for expedited discovery and entry upon defendant's property 17 is granted in part and denied in part consistent with conditions described in the formal order. As such, the parties' requests for oral arguments are denied as unnecessary. See formal order. Signed on 4/7/2014 by Chief Judge Ann L. Aiken. (rh) (Entered: 04/09/2014) |
| 05/09/2014 | 26 | Stipulated Fed. R. Civ. P. 26(a)(1) Agreement . Filed by Mowat Construction Company. (Stewart, John) (Entered: 05/09/2014) |
| 05/20/2014 | 27 | STRICKEN AND SEALEDSecond Amended Complaint . Filed by Mowat Construction Company against Dorena Hydro, LLC, Westchester Fire Insurance Company (Attachments: # 1 Exhibit A, # 2 Proposed Summons). (Stewart, John) Modified on 5/23/2014 (ljb). (Entered: 05/20/2014) |
| 05/23/2014 | 28 | **Order** Second Amended Complaint 27 is rejected. Plaintiff needs to request leave of court to file Second Amended Complaint. Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 05/23/2014) |
| 05/23/2014 | 29 | Scheduling Order by Chief Judge Ann L. Aiken regarding Fed. R. Civ. P. 26 Agreement 26 . Fact Discovery is to be completed by 11/28/2014. Expert Disclosures and Reports shall be exchanged by 12/29/2014. Motions pursuant to Rule 56 shall be filed on or before 3/27/2015. Pretrial Order due 3/27/2015 or 30 days after a ruling on motion(s) pursuant to Rule 56. Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 05/23/2014) |
| 05/29/2014 | 30 | Unopposed Motion for Leave to File Amended Complaint/Petition . Filed by Mowat Construction Company. (Attachments: # 1 Proposed Document Second Amended Complaint, # 2 Proposed Document Exhibit A to Second Amended Complaint) (Stewart, John) (Entered: 05/29/2014) |
| 06/09/2014 | 31 | **ORDER:** Granting Motion for Leave to File Amended Complaint 30 . Amended Complaint is due 7/9/2014. Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 06/09/2014) |
| | | |

| 06/11/2014 | 32 | Second Amended Complaint . Filed by Mowat Construction Company against Dorena Hydro, LLC, Westchester Fire Insurance Company (Attachments: # 1 Exhibit A, # 2 Proposed Summons). (Stewart, John) (Entered: 06/11/2014) |
|---|---|---|
| 06/12/2014 | 33 | Summons Issued Electronically as to Westchester Fire Insurance Company. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (ljb) (Entered: 06/12/2014) |
| 06/19/2014 | 34 | Affidavit of Service upon Westchester Fire Insurance Company served on 6/13/2014 Filed by United States of America; Mowat Construction Company. (Storti, Tyler) (Entered: 06/19/2014) |
| 06/19/2014 | 35 | Joint ADR Report . Filed by Mowat Construction Company.(Storti, Tyler) (Entered: 06/19/2014) |
| 06/30/2014 | 36 | Answer to 32 Amended Complaint with Jury Demand , *Affirmative Defenses*, Counterclaim *against* Mowat Construction Company. Filed by Dorena Hydro, LLC. (Theiss, John) (Entered: 06/30/2014) |
| 06/30/2014 | 37 | Answer to 32 Amended Complaint with Jury Demand *and Affirmative Defenses*. Filed by Westchester Fire Insurance Company. (Theiss, John) (Entered: 06/30/2014) |
| 07/01/2014 | 38 | Notice of Joinder in Fed. R. Civ. P. 26 Agreement 26 *on Discovery and Pretrial Matters and Report of Rule 26(F) Joint Scheduling Conference* Filed by Westchester Fire Insurance Company (Related document(s): Fed. R. Civ. P. 26 Agreement 26 .) (Theiss, John) (Entered: 07/01/2014) |
| 07/23/2014 | 39 | Answer to 36 Answer to Amended Complaint, Counterclaim with Jury Demand . Filed by Mowat Construction Company(a Washington corporation). (Stewart, John) (Entered: 07/23/2014) |
| 07/30/2014 | 40 | Notice *of Unavailability* Filed by Dorena Hydro, LLC(an Oregon limited liability company), Westchester Fire Insurance Company (Theiss, John) (Entered: 07/30/2014) |
| 08/01/2014 | 41 | Motion to Amend/Correct *Motion for leave to file amended answer*. Filed by Dorena Hydro, LLC. (Attachments: # 1 Exhibit Ex 1- Amended Answer) (Green, Derek) (Entered: 08/01/2014) |
| 08/13/2014 | 42 | **ORDER:** Granting Motion to Amend/Correct 41 . Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 08/13/2014) |
| 08/18/2014 | 43 | *Second Amended Answer and Affirmative Defenses to Second Amended Complaint and*, Counterclaim *against* Liberty Mutual Insurance Company. Filed by Dorena Hydro, LLC. (Attachments: # 1 Proposed Summons Liberty Mutual Insurance Company) (Green, Derek) Modified for clarity of the record on 8/19/2014 (ljb). (Entered: 08/18/2014) |
| 08/19/2014 | 44 | Summons Issued Electronically as to Liberty Mutual Insurance Company. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (ljb) (Entered: 08/19/2014) |

| 08/26/2014 | 45 | Summons Returned Executed. as to Liberty Mutual Insurance Company served on 8/19/2014, answer due on 9/9/2014 Filed by Dorena Hydro, LLC(an Oregon limited liability company). (Green, Derek) (Entered: 08/26/2014) |
| 08/28/2014 | 46 | Amended Summons Returned Executed. as to Liberty Mutual Insurance Company served on 8/20/2014, answer due on 9/10/2014 Filed by Dorena Hydro, LLC(an Oregon limited liability company). (Green, Derek) (Entered: 08/28/2014) |
| 09/04/2014 | 47 | Answer to Complaint, Counterclaim,, 43 . Filed by Mowat Construction Company(a Washington corporation). (Related document(s): Answer to Complaint, Counterclaim,, 43 .) (Storti, Tyler) Modified docket entry for clarity of the record on 9/5/2014 (ljb). (Entered: 09/04/2014) |
| 09/08/2014 | 48 | Answer to 43 Answer to Complaint, Counterclaim,, . Filed by Liberty Mutual Insurance Company. (Stewart, John) (Entered: 09/08/2014) |
| 09/08/2014 | 49 | Corporate Disclosure Statement . Filed by Liberty Mutual Insurance Company. (Stewart, John) (Entered: 09/08/2014) |
| 09/15/2014 | 50 | Corporate Disclosure Statement . Filed by Westchester Fire Insurance Company. (Green, Derek) (Entered: 09/15/2014) |
| 11/07/2014 | 51 | Stipulated Motion for Protective Order . Filed by Liberty Mutual Insurance Company, Mowat Construction Company(a Washington corporation). (Storti, Tyler) (Entered: 11/07/2014) |
| 11/20/2014 | 52 | Unopposed Motion for Extension of Discovery & PTO Deadlines . Filed by Liberty Mutual Insurance Company, Mowat Construction Company(a Washington corporation). (Stewart, John) (Entered: 11/20/2014) |
| 11/21/2014 | 53 | **ORDER:** Granting Motion for Extension of Discovery & PTO Deadlines 52 . Discovery is to be completed by 4/30/2015. Expert Disclosures and Reports Exchange to be completed by 6/1/2015. Rebuttal Expert Disclosures and Reports Exchange to be completed by 6/22/2015. Depositions of Experts to be completed by 7/13/2015. Dispositive Motions are due by 7/31/2015. Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 11/21/2014) |
| 12/03/2014 | 54 | **ORDER:** Based on the Stipulation of the parties, the Court hereby ORDERS that the terms of the Stipulated Protective Order 51 shall govern the parties in this action. See formal order. Signed on 12/3/2014 by Chief Judge Ann L. Aiken. (rh) (Entered: 12/03/2014) |
| 04/10/2015 | 55 | Motion to Quash *and Motion for Protective Order*. Filed by EC Company. (Prichard, James) (Entered: 04/10/2015) |
| 04/10/2015 | 56 | *EC Company's* Memorandum in Support *of Motion to Quash and Motion for a Protective Order*. Filed by EC Company. (Related document(s): Motion to Quash 55 .) (Prichard, James) (Entered: 04/10/2015) |
| 04/10/2015 | 57 | Declaration of Joel Scroggy *In Support of EC Company's Motion to Quash and Motion for a Protective Order*. Filed by EC Company. (Prichard, James) (Entered: 04/10/2015) |
| 04/10/2015 | 58 | |

| | | Declaration of Evan H. Lenneberg *In Support of EC Company's Motion to Quash and Motion for a Protective Order*. Filed by EC Company. (Related document(s): Motion to Quash 55 .) (Prichard, James) (Entered: 04/10/2015) |
|---|---|---|
| 04/24/2015 | 59 | Response to Motion to Quash *and Motion for Protective Order* 55 . Filed by Dorena Hydro, LLC. (Theiss, John) (Entered: 04/24/2015) |
| 04/24/2015 | 60 | Declaration of *Ross Siler*. Filed by Dorena Hydro, LLC. (Related document(s): Response to Motion 59 .) (Theiss, John) (Entered: 04/24/2015) |
| 04/28/2015 | 61 | Motion for Extension of Discovery & PTO Deadlines - *Fact Discovery Deadline Only*. Oral Argument requested.Expedited Hearing requested. Filed by Mowat Construction Company. (Storti, Tyler) (Entered: 04/28/2015) |
| 04/28/2015 | 62 | Declaration of Tyler J. Storti . Filed by Mowat Construction Company. (Related document(s): Motion for Extension of Discovery & PTO Deadlines 61 .) (Storti, Tyler) (Entered: 04/28/2015) |
| 04/28/2015 | 63 | Order of Deposition of Brent Smith. Signed on 4/28/2015 by Judge Michael J. McShane. (cp) (Entered: 04/28/2015) |
| 04/29/2015 | 64 | **ORDER:** Granting Motion for Extension of Discovery & PTO Deadlines 61 . Fact Discovery is to be completed by 6/30/2015. Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 04/29/2015) |
| 05/15/2015 | 65 | Motion for Extension of Time *of deadline for Expert Discovery*. Expedited Hearing requested. Filed by Dorena Hydro, LLC, Westchester Fire Insurance Company. (Eyth, Marcus) (Entered: 05/15/2015) |
| 05/18/2015 | 66 | **ORDER:** Granting Motion for Extension of Time 65 . Expert Disclosures and Reports Exchange due by 7/31/2015. Rebuttal Expert Disclosures and Reports Exchange due by 8/21/2015. Depositions of Experts due by 9/11/2015. Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 05/18/2015) |
| 05/18/2015 | 67 | **ORDER:** ECC's motion to quash 55 is GRANTED as to Dorena's Second Request and DENIED in all other respects. ECC has twenty days from the date of this Order to furnish documents responsive to Dorena's First Request. See formal ORDER. Signed on 5/18/2015 by Chief Judge Ann L. Aiken. (rh) (Entered: 05/18/2015) |
| 06/12/2015 | 68 | Motion for Leave *to File a Third-Party Complaint*. Oral Argument requested.Expedited Hearing requested. Filed by Dorena Hydro, LLC. (Attachments: # 1 Exhibit A) (Eyth, Marcus) (Entered: 06/12/2015) |
| 06/26/2015 | 69 | Response to Motion for Leave *to File a Third-Party Complaint* 68 Oral Argument requested. Filed by Mowat Construction Company. (Stewart, John) (Entered: 06/26/2015) |
| 06/26/2015 | 70 | Declaration of Tyler J. Storti . **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Filed by Mowat Construction Company. (Related document(s): Response to Motion 69 .) (Attachments: # 1 Exhibit A - I, # 2 Exhibit J - T, # 3 Exhibit U - HH) (Stewart, John) (Entered: 06/26/2015) |
| 06/26/2015 | 71 | Motion to Bifurcate . Oral Argument requested.Expedited Hearing requested. Filed by Mowat Construction Company. (Stewart, John) (Entered: 06/26/2015) |

| 07/13/2015 | 72 | Response to Motion to Bifurcate 71 Oral Argument requested. Filed by Dorena Hydro, LLC(an Oregon limited liability company), Westchester Fire Insurance Company. (Eyth, Marcus) (Entered: 07/13/2015) |
|---|---|---|
| 07/13/2015 | 73 | Reply *In Support* to Motion for Leave *to File a Third-Party Complaint* 68 Oral Argument requested. Filed by Dorena Hydro, LLC(an Oregon limited liability company), Westchester Fire Insurance Company. (Eyth, Marcus) (Entered: 07/13/2015) |
| 07/16/2015 | 74 | **ORDER:** Dorena's motion to file a third-party complaint 68 and Mowat's motion to bifurcate 71 are GRANTED. The parties' requests for oral argument are DENIED as unnecessary. Dorena shall file a third-party complaint within seven days of the date of this Order. The parties shall also submit, within 30 days of the date of this Order, a stipulated scheduling report setting forth a time line for trial phases one and two, as well as for discovery related to the third-party claims. See formal ORDER. Signed on 7/16/2015 by Chief Judge Ann L. Aiken. (rh) (Entered: 07/20/2015) |
| 07/23/2015 | 75 | Third Party Complaint . Filed by Dorena Hydro, LLC(an Oregon limited liability company) against Hydrotech Engineering, LLC, Dongfang Electric Company, Dongfeng Electric Machinery Co., LTD. (Eyth, Marcus) Modified for clarity of the record on 7/24/2015 (ljb). (Entered: 07/23/2015) |
| 07/30/2015 | 76 | Motion for Partial Summary Judgment *Pursuant to Federal Rule of Civil Procedure 56*. Oral Argument requested. Filed by Dorena Hydro, LLC, Westchester Fire Insurance Company. (Theiss, John) (Entered: 07/30/2015) |
| 07/30/2015 | 77 | Declaration of Marcus Eyth . Filed by Dorena Hydro, LLC, Westchester Fire Insurance Company. (Related document(s): Motion for Partial Summary Judgment 76 .) (Theiss, John) (Entered: 07/30/2015) |
| 07/30/2015 | 78 | Third Party Proposed Summons *on Hydrotech Engineering, LLC* Filed by Dorena Hydro, LLC(an Oregon limited liability company). (Eyth, Marcus) (Entered: 07/30/2015) |
| 07/30/2015 | 79 | Declaration of John Theiss . Filed by Dorena Hydro, LLC, Westchester Fire Insurance Company. (Related document(s): Motion for Partial Summary Judgment 76 .) (Attachments: # 1 Exhibit 7, # 2 Exhibit 8, # 3 Exhibit 9, # 4 Exhibit 10, # 5 Exhibit 11, # 6 Exhibit 12, # 7 Exhibit 13, # 8 Exhibit 14, # 9 Exhibit 15, # 10 Exhibit 16, # 11 Exhibit 17, # 12 Exhibit 18, # 13 Exhibit 19) (Theiss, John) (Entered: 07/30/2015) |
| 07/31/2015 | 80 | Summons Issued Electronically as to Hydrotech Engineering, LLC. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (ljb) (Entered: 07/31/2015) |
| 08/10/2015 | 81 | Third Party Proposed Summons *on Dongfang Electric Company* Filed by Dorena Hydro, LLC(an Oregon limited liability company). (Eyth, Marcus) (Entered: 08/10/2015) |
| 08/10/2015 | 82 | |

| | | Third Party Proposed Summons *on Dongfeng Electric Machinery Co., LTD*. Filed by Dorena Hydro, LLC(an Oregon limited liability company). (Eyth, Marcus) (Entered: 08/10/2015) |
|---|---|---|
| 08/11/2015 | 83 | Summons Issued Electronically as to Dongfang Electric Company, Dongfeng Electric Machinery Co., LTD. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (ljb) (Entered: 08/11/2015) |
| 08/12/2015 | 84 | Motion for Order *Allowing Interlocutory Appeal*. Oral Argument requested. Filed by Dorena Hydro, LLC(an Oregon limited liability company), Westchester Fire Insurance Company. (Eyth, Marcus) (Entered: 08/12/2015) |
| 08/14/2015 | 85 | Stipulated Report *Re Scheduling*. Filed by Liberty Mutual Insurance Company, Mowat Construction Company. (Stewart, John) (Entered: 08/14/2015) |
| 08/21/2015 | 86 | Response to Motion for Partial Summary Judgment *Pursuant to Federal Rule of Civil Procedure 56* 76 Oral Argument requested. Filed by Mowat Construction Company(a Washington corporation). (Storti, Tyler) (Entered: 08/21/2015) |
| 08/21/2015 | 87 | Declaration of John Spencer Stewart . **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Filed by Mowat Construction Company(a Washington corporation). (Related document(s): Response to Motion 86 .) (Attachments: # 1 Exhibit A-D, # 2 Exhibit E-N, # 3 Exhibit O-R, # 4 Exhibit S.1-S.2, # 5 Exhibit T.1-U) (Storti, Tyler) (Entered: 08/21/2015) |
| 08/26/2015 | 88 | **Order.** Any reply to the motion for partial summary judgment 76 , and response to the motion for order allowing interlocutory appeal 84 are due September 8, 2015. At that time the court will take both motions under advisement. Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 08/26/2015) |
| 08/26/2015 | 89 | Response to Motion for Order *Allowing Interlocutory Appeal* 84 . Filed by Mowat Construction Company(a Washington corporation). (Storti, Tyler) (Entered: 08/26/2015) |
| 09/01/2015 | 90 | Notice of Attorney Substitution:Attorney Angela M. Otto is substituted as counsel of record in place of Attorney Evan H. Lenneberg Filed by EC Company (Otto, Angela) (Entered: 09/01/2015) |
| 09/08/2015 | 91 | Reply to Motion for Partial Summary Judgment *Pursuant to Federal Rule of Civil Procedure 56* 76 Oral Argument requested. Filed by Dorena Hydro, LLC, Westchester Fire Insurance Company. (Theiss, John) (Entered: 09/08/2015) |
| 09/08/2015 | 92 | Second Declaration of John Theiss . Filed by Dorena Hydro, LLC, Westchester Fire Insurance Company. (Related document(s): Motion for Partial Summary Judgment 76 .) (Attachments: # 1 Exhibit 20) (Theiss, John) (Entered: 09/08/2015) |
| 09/08/2015 | 93 | Notice of Association of Attorney Blake J. Robinson,Blake J. Robinson for Westchester Fire Insurance Company,Blake J. Robinson for Dorena Hydro, LLC,Blake J. Robinson for Dorena Hydro, LLC,Blake J. Robinson for Dorena Hydro, LLC. Filed by Westchester |

| | | Fire Insurance Company, Dorena Hydro, LLC(an Oregon limited liability company) (Robinson, Blake) (Entered: 09/08/2015) |
|---|---|---|
| 09/08/2015 | 94 | Reply *in Support* to Motion for Order *Allowing Interlocutory Appeal* 84 Oral Argument requested. Filed by Dorena Hydro, LLC(an Oregon limited liability company), Westchester Fire Insurance Company. (Robinson, Blake) (Entered: 09/08/2015) |
| 09/10/2015 | 95 | Affidavit of Service of Summons Issued 80 upon Hydrotech Engineering, LLC served on 8/13/2015 , Return of Service Executed as to Hydrotech Engineering, LLC. Filed by Dorena Hydro, LLC(an Oregon limited liability company); Westchester Fire Insurance Company. (Robinson, Blake) (Entered: 09/10/2015) |
| 09/21/2015 | 96 | Third Party Answer to 75 Amended Complaint, *Third-Party Defendant HydroTech Engineering LLC's (1) Answer to Third Party Complaint and (2) Counterclaims,* Counterclaim Dorena Hydro, LLC(an Oregon limited liability company). Filed by Hydrotech Engineering, LLC. (Naito, Alexander) (Entered: 09/21/2015) |
| 09/23/2015 | 97 | **OPINION AND ORDER.** Dorena's motion for an order allowing interlocutory appeal 84 is DENIED. Dorena's partial motion for summary judgment 76 is also DENIED. The parties' requests for oral argument are DENIED as unnecessary. The parties shall submit, within 20 days of the date of this Opinion, an amended stipulated scheduling report setting forth a mutually agreed upon time-line for trial phases one and two, as well as for discovery related to the third-party claims, or the Court will consider sanctions. See formal OPINION AND ORDER. Signed on 9/23/2015 by Chief Judge Ann L. Aiken. (rh) (Entered: 09/24/2015) |
| 10/01/2015 | 98 | Stipulation *Motion and Order to Amend Protective Order* by Hydrotech Engineering, LLC. Filed by Hydrotech Engineering, LLC. (Christensen, D.) (Entered: 10/01/2015) |
| 10/06/2015 | 99 | Amendment to Protective Order. HydroTech Engineering LLC is a Party to the Stipulated Protective Order in this civil action ( 51 entered on November 7, 2014) and that the terms of the Stipulated Protective Order shall govern HydroTech in this action from and after September 30, 2015. See formal Amendment to Protective Order. Signed on 10/6/2015 by Chief Judge Ann L. Aiken. (rh) (Entered: 10/06/2015) |
| 10/13/2015 | 100 | Amended Joint Status Report . Filed by Liberty Mutual Insurance Company, Mowat Construction Company. (Larkin, Thomas) (Entered: 10/13/2015) |
| 10/13/2015 | 101 | Third Party Motion to Sever *titled: Third-Party Defendant HydroTech Engineering LLC's Motion to Sever Or, in the Alternative, for Leave to Reopen Discovery.* Oral Argument requested. Filed by Hydrotech Engineering, LLC. (Christensen, D.) (Entered: 10/13/2015) |
| 10/13/2015 | 102 | Declaration of Alexander M. Naito *Declaration of Alexander M. Naito in Support of Hydrotech Engineering LLC's Motion to Sever or, in the Alternative, for Leave to Reopen Discovery.* Filed by Hydrotech Engineering, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Christensen, |

| | | D.) Modified for clarity of the record on 10/14/2015 (ljb). (Entered: 10/13/2015) |
|---|---|---|
| 10/21/2015 | 103 | **ORDER.** Based on the parties' Amended Joint Status Report 100 filed October 13, 2015, the court will wait to set any further case schedule until Third Party Motion to Sever, or Alternatively to Reopen Discovery 101 has been fully briefed and decided. Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 10/21/2015) |
| 10/23/2015 | 104 | Answer to 96 Answer to Amended Complaint, Counterclaim,, , Counterclaim Dongfang Electric Company, Dongfeng Electric Machinery Co., LTD. Filed by Dorena Hydro, LLC(an Oregon limited liability company), Westchester Fire Insurance Company. (Eyth, Marcus) (Entered: 10/23/2015) |
| 10/27/2015 | 105 | Motion to Withdraw or Substitute an Attorney *Motion to Withdraw as Counsel for Defendants and Third Party Plaintiff.* Filed by Dorena Hydro, LLC, Westchester Fire Insurance Company. (Attachments: # 1 Declaration of Marcus Eyth in Support of Motion to Withdraw as Counsel for Defendants and Third Party Plaintiff, # 2 Proposed Order Granting Motion to Withdraw as Counsel for Defendants and Third Party Plaintiff) (Eyth, Marcus) (Entered: 10/27/2015) |
| 10/28/2015 | 106 | Response to Third Party Motion to Sever *titled: Third-Party Defendant HydroTech Engineering LLC's Motion to Sever Or, in the Alternative, for Leave to Reopen Discovery* 101 Oral Argument requested. Filed by Liberty Mutual Insurance Company, Mowat Construction Company. (Stewart, John) (Entered: 10/28/2015) |
| 10/28/2015 | 107 | Declaration of John Spencer Stewart . **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Filed by Liberty Mutual Insurance Company, Mowat Construction Company. (Related document(s): Response to Motion, 106 .) (Attachments: # 1 Exhibit A - I, # 2 Exhibit J.1 to J.26) (Stewart, John) (Entered: 10/28/2015) |
| 10/29/2015 | 108 | Response in Opposition to Motion to Withdraw or Substitute an Attorney *Motion to Withdraw as Counsel for Defendants and Third Party Plaintiff* 105 . Filed by Mowat Construction Company. (Storti, Tyler) (Entered: 10/29/2015) |
| 10/29/2015 | 109 | Declaration of John Spencer Stewart . **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Filed by Mowat Construction Company. (Related document(s): Response in Opposition to Motion 108 .) (Attachments: # 1 Exhibit A - I) (Storti, Tyler) (Entered: 10/29/2015) |
| 10/30/2015 | 110 | **ORDER:** Defendants/Third Party Plaintiff's motion to withdraw as counsel 105 is granted pursuant to the Oregon Rules of Professional Conduct, Rule 1.6. The Third-Party Motion to Sever ( 101 , response filed 10/28/15, 106 , any reply due Nov. 16, 2015) will be considered and ruled on by the court without oral argument. Defendants have twenty (20) days from the date of the Order granting their attorneys' withdrawal to obtain and notify the court of new counsel, otherwise the court will assume defendant is proceeding pro se. Ordered by Chief Judge Ann L. Aiken. (rh) (Entered: 10/30/2015) |
| 10/30/2015 | 111 | |

|  |  | Notice of Appearance of John Clarke appearing on behalf of Hydrotech Engineering, LLC Filed by on behalf of Hydrotech Engineering, LLC (Clarke, John) (Entered: 10/30/2015) |
|---|---|---|
| 11/16/2015 | 112 | Reply *in Support of* to Third Party Motion to Sever *titled: Third-Party Defendant HydroTech Engineering LLC's Motion to Sever Or, in the Alternative, for Leave to Reopen Discovery* 101 . Filed by Hydrotech Engineering, LLC. (Clarke, John) (Entered: 11/16/2015) |
| 11/20/2015 | 113 | Notice of Appearance of G. Kevin Kiely appearing on behalf of Westchester Fire Insurance Company Filed by on behalf of Westchester Fire Insurance Company (Kiely, G.) (Entered: 11/20/2015) |
| 11/20/2015 | 114 | Notice of Appearance of Richard Gibson Masters appearing on behalf of Dorena Hydro, LLC Filed by on behalf of Dorena Hydro, LLC (Masters, Richard) (Entered: 11/20/2015) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/30/2015 11:36:27 | | |
| **PACER Login:** | ws0013:2664071:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:14-cv-00094-AA Start date: 1/1/1970 End date: 11/30/2015 |
| **Billable Pages:** | 15 | **Cost:** | 1.50 |